EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Petitioner-Appellant,

v.

DEAN WITTER COMPANY, INC., Respondent-Appellee.

No. 78–1180.

United States Court of Appeals, Ninth Circuit.

June 23, 1980.

Rehearing Denied Dec. 22, 1980.

William H. Ng, E.E.O.C., Washington, D. C., argued for E.E.O.C.; Abner W. Sibal, Gen. Counsel, Washington, D. C., on brief.

James P. Garland, Baltimore, Md., argued for respondent-appellee; Jay R. Martin, Crosby, Heafey, Roach & May, Oakland, Cal., Richard T. Sampson, Baltimore, Md., on brief.

Before TANG, SKOPIL and FARRIS, Circuit Judges.

TANG, Circuit Judge:

The Equal Employment Opportunity Commission (EEOC) appeals the district court's order denying enforcement of an administrative subpoena issued to Dean Witter & Company, Inc., on the ground that the Commissioner's charge was too inspecific to warrant its enforcement. The EEOC contends the charge was sufficient to comply with the amended notice requirements of § 706(b) of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e–5(b). We find that the charge failed to meet the § 706(b) requirements, and affirm the district court's order.

*Facts*

EEOC Commissioner Raymond Telles filed a charge against Dean Witter, alleging that Dean Witter had engaged in a "pattern or practice" of discrimination throughout its 37 branches in the recruiting, hiring, assignment, promotion, training, and terms and conditions of employment for women and minorities.[1] The EEOC transmitted to

---

1. The charge stated in full:

Pursuant to Title VII, Sections 706(b) and Section 707(c) of the Civil Rights Act of 1964, 42 U.S.C. [§] 2000e *et seq.*, as amended, I

charge the following employer with unlawful employment practices:

Dean Witter & Co., Inc.
42 Montgomery Street
San Francisco, California, 94106

Dean Witter a copy of the charge and notice of the charge. On the notice of charge form, for the entry "date," the EEOC alleged "continuing"; for place, it alleged "company-wide"; for circumstances, it specified the victims and forms of discrimination by checking off the appropriate boxes listed on the form. After Dean Witter refused the EEOC's informal request for information about its computer personnel programs, the EEOC issued a subpoena asking for such information. When Dean Witter refused to comply with the subpoena, the EEOC sought judicial enforcement. The district court denied enforcement on the ground that the charge was general and unsupported and failed to set forth the date, place, and circumstances of the charge as required by statute.

## I.

The EEOC contends the charge complied with the requirements of § 706(b) of Title VII, 42 U.S.C. § 2000e–5(b), under the principles set forth by this court in *Local 104, Sheet Metal Workers v. EEOC*, 439 F.2d 237 (1971), which interpreted former § 706(a), the predecessor of present § 706(b). Under former § 706(a), the EEOC was required to undertake an investigation of allegedly unlawful employment practices whenever "a written charge has been filed by a member

I have reasonable cause to believe that the above-named employer is within the jurisdiction of the Equal Employment Opportunity Commission and has violated and continues to violate Section 703 of the Civil Rights Act of 1964, as amended, by discriminating against Blacks, women, Spanish-surnamed Americans and other minorities on the basis of race, sex, and national origin with respect to recruitment, hiring, assignment, training, promotion, and other terms and conditions of employment, and by following specific policies and practices which have the effect of unlawfully discriminating against Blacks, women, Spanish-surnamed Americans, and other minorities, which policies and practices include but are not limited to:
  1. Refusing to recruit and hire Blacks, women, Spanish-surnamed Americans and other minorities in the same manner and on the same basis in which white males have been recruited and hired;

of the Commission where he has reasonable cause to believe a violation of this title has occurred (and such charge sets forth the facts on which it is based)." (parentheses in original)

In *Local 104, Sheet Metal Workers*, this court interpreted the charging requirement of § 706(a). In that case, the EEOC charged that the:

respondents . . . have historically and subsequent to the effective date of Title VII of the Civil Rights Act of 1964 discriminatorily restricted union membership . . . because of race or national origin.

*Id.* at 240. The union resisted the EEOC's request for access to evidence on the ground that the charge failed to meet the requirement that the charge set forth the facts upon which it is based. The court, however, rejected the union's argument that § 706(a) required a detailed statement of the underlying facts. *Id.* at 241. It held that requiring a detailed explication of the facts at such an early stage of the proceeding would severely curtail the usefulness of the EEOC as an investigative agency.

After *Local 104, Sheet Metal Workers* was decided, Congress amended § 706(a) in 1972 to provide that:

Whenever a charge is filed by or on behalf of a person claiming to be aggriev-

  2. Discriminatorily assigning and limiting Blacks, women, Spanish-surnamed Americans and other minorities to positions with lower pay and less opportunity for advancement than those to which white males have been assigned;
  3. Refusing to provide training and promotion opportunities for Blacks, women, Spanish-surnamed Americans and other minorities in the same manner in which such opportunities have been provided white males;
  4. Discriminatorily subjecting Blacks, women, Spanish-surnamed Americans and other minorities to different terms and conditions of employment, including leave, benefits, and standards for disciplinary actions and terminations, than those which are applied in the case of white males.
The class aggrieved includes, but is not limited to, all persons who have been and who continue to be or might be adversely affected by the unlawful practices complained of herein.

ed, or by a member of the Commission, alleging that an employer . . . has engaged in an unlawful employment practice, the Commission shall serve a notice of the charge (including the date, place and circumstances of the alleged unlawful employment practice) on such employer . . . within ten days, and shall make an investigation thereof. Charges shall be in writing under oath or affirmation and shall contain such information and be in such form as the Commission requires.

The amended § 706(b) varies from its predecessor in three basic respects relevant here: (1) instead of needing "reasonable cause," a commissioner must make the charge "under oath or affirmation; " (2) instead of stating in the charge the "facts" upon which the charge is based, the Commissioner complainant "shall serve a notice of the charge" including the "date, place and circumstances" of the alleged employment practice; and, (3) the amended § 706(b) imposes the same charging requirements upon both the Commissioner and private complainants. Central to our inquiry in this case is the effect that the amendments to § 706(b) have on the rules and principles announced in *Local 104, Sheet Metal Workers.*

Having found no legislative history explaining why Congress made these changes, we look only to language of § 706(b) to determine if the amendments impose stricter technical requirements for filing charges and providing notice. Although we conclude that the amendments to § 706(b) leave our holding in *Local 104, Sheet Metal Workers* virtually intact, we find that the notice and charge were deficient in one minor but significant respect that requires us to affirm the order of the district court.

II.

Section 706(b) now specifically requires that the EEOC serve upon the charged party a "notice of the charge (including the date, place, and circumstances of the alleged unlawful employment practice)." [2] We do not read the inclusion of the date, place and circumstances requirement as imposing onerous new pleading requirements upon the Commission. Nevertheless, Congress' inclusion of these requirements must be given meaning, *see Argosy Ltd. v. Hennigan,* 404 F.2d 14, 20 (5th Cir. 1968), and the Commission must specifically, even if nominally, comply with them.

In the present case, the EEOC alleged a pattern or practice of discrimination against Dean Witter in numerous aspects of employment. The EEOC complied with the "place" and "circumstances" requirement of § 706(b) in the notice of the charge it sent to Dean Witter. Notice that the alleged discrimination was "company-wide" was sufficient to meet the "place" requirement, because it informed Dean Witter that it was suspected of discrimination at all of its corporate branches. Likewise, its listing of the nature of the alleged employment practices, even though essentially conclusory in nature, was sufficient to comply with the "circumstances" requirement. These allegations would have been a sufficient pleading under the "facts" requirement of former § 706(a), see *Local 104, Sheet Metal Workers,* 439 F.2d at 240, and we do not read the substitution that the Commission plead "the circumstances" of the alleged unlawful practice as imposing a more burdensome requirement than the "fact" pleading requirement of former § 706(a).

The EEOC's charge was deficient, however, in its statement of the date of the

---

**2.** The parties dispute whether the inclusion of "date, place and circumstances" should be in the charge itself, as Dean Witter argues, or in the notice of the charge. Section 706(b) can be read either way. We find this distinction to be without practical significance. First, since the EEOC will send an employer both notice of the charge and a copy of the charge itself, the requirements at some point will have to be met in one form or the other. Second, EEOC regu-

lations presently require that the charge contain the date, place, and circumstances of the challenged practices. See 29 C.F.R. 1601.11(a) (1976). Although it might be a better practice for the date, place, and circumstances requirement to be included in the charge itself, the EEOC should be able to "cure" any defects in the charge in its notice of the charge (this may be necessary where the complainant is a private individual).

alleged unlawful employment practices. Here the EEOC charged only that the practices were "continuing." The use of this term informs Dean Witter and the court that the practices are continuing in the present but does not disclose whether the practices have occurred in the past, or at least, when they began in the past. This omission is not insignificant. Although the EEOC's investigatory powers are extremely broad, see Motorola, Inc. v. McLain, 484 F.2d 1339 (7th Cir. 1973), cert. denied, 416 U.S. 936, 94 S.Ct. 1935, 40 L.Ed.2d 287 (1974), it is entitled to have access only to evidence that is relevant and material to the charge being investigated. See Pacific Maritime Association v. Quinn, 491 F.2d 1294 (9th Cir. 1974); 42 U.S.C. §§ 2000e–8(a), 9. The dates of the alleged unfair practices bear directly on the relevancy of an EEOC enforcement subpoena. By disclosing the dates of the alleged practices under investigation, the EEOC will inform the charged party, as well as the court which is asked to enforce a subpoena, what the proper scope of the investigation should be time-wise. Hopefully, disclosure of the dates at the outset will discourage resistance to discovery by employees fearful of open-ended investigations, and if necessary, will aid the court in determining the relevancy of the matters sought to be subpoenaed.

The filing of a charge is the first step in the EEOC administrative process, and understandably, the EEOC may be uncertain about the temporal scope of the challenged practices, especially where a pattern or practice charge is involved. In such instances, a good faith estimate of the probable time periods should be sufficient. Employees have the assurance that any such estimates will be made in good faith because of § 706(b)'s requirement that charges be made under oath or affirmation.

### III.

In affirming the order of the district court, we reject most of the arguments advanced by Dean Witter. With the exception of the minor changes necessary to conform it to the amendments to § 706(b), our decision in Local 104, Sheet Metal Workers continues to provide the controlling principles to guide the form of EEOC charges. The amendments impose no strict technical pleading requirement upon complainants, whether they be private parties or the Commissioners of the EEOC. The charge is merely the first step in the administrative process, and it would defeat the Congressional scheme to impose detailed fact pleading burdens on the EEOC before it has had an opportunity to investigate the basis for the charge. Id. at 241–42.[3]

Dean Witter contends that, when Title VII was enacted in 1964, the EEOC was given more limited investigatory powers than other federal agencies which may undertake investigations without first filing charges. In order to make this limitation on the EEOC meaningful, it argues that charges filed by the EEOC must be detailed and specific. The 1964 legislative history now relied on by Dean Witter existed when this court decided Local 104, Sheet Metal Workers, and Dean Witter's argument was rejected when the court held that the good faith of high level government officials was a sufficient check on the filing of irresponsible charges. See id. at 242. Dean Witter's argument has even less force now than it did in 1971, since Congress attempted in 1972 to strengthen the investigatory power of the EEOC by giving them the same investigatory power as the National Labor Relations Board. See 42 U.S.C. § 2000e–9.

Dean Witter argues further that the EEOC has in its possession more specific

---

**3.** Local 104, Sheet Metal Workers' rejection of hypertechnical pleading requirements has been followed by every circuit that has considered the issue. See New Orleans Public Service, Inc. v. Brown, 507 F.2d 160, 164 (5th Cir. 1975); Adolph Coors Co. v. EEOC, 464 F.2d 1270 (10th Cir. 1972); cert. denied, 410 U.S. 929, 93 S.Ct. 1365, 35 L.Ed.2d 591 (1973); Sparton Southwest, Inc. v. EEOC, 461 F.2d 1055 (10th Cir. 1972); Bowaters Paper Corp. v. EEOC, 428 F.2d 799 (6th Cir.), cert. denied, 400 U.S. 942, 91 S.Ct. 241, 27 L.Ed.2d 246 (1970); General Employment Enterprises v. EEOC, 440 F.2d 783 (7th Cir. 1972).

information about the alleged discrimination and could easily supply it. Although the EEOC should be as candid as possible about the circumstances that led it to make a charge, we decline to impose a rule that the EEOC must supply all the information that provided the basis for its charge. Such a rule would inevitably encourage employers to challenge subpoenas on the ground that the EEOC could have supplied more information than was actually contained in the charge. Furthermore, a rule requiring the EEOC to disclose the information that is the basis for a Commissioner's charge would tend to defeat the purpose behind the Commissioner's charge, which is to enable aggrieved persons to have charges processed under circumstances where they are unwilling to come forward publicly for fear of economic or physical reprisals. *See* S.Rep. No. 415, 92d Cong., 1st Sess. 26 (1971).[4]

The judgment of the district court is affirmed.

---

4. Dean Witter also sought to sustain the district court's order on the ground that the office of General Counsel could not properly initiate and investigate a Commissioner's charge. The district court rejected this argument, and given our disposition, it is unnecessary for us to reach this issue.