**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Petitioner,**

v.

**C. A. NORGREN COMPANY, Respondent.**

No. 81–C–1665.

United States District Court,
D. Colorado.

March 10, 1982.

**492**

Ralph G. Torres, Ronald W. Taoka, E. E. O. C., Denver, Colo., for petitioner.

Charles F. Brega, Roath & Brega, P. C., Denver, Colo., Douglas B. M. Ehlke, Federal Way, Wash., for respondent.

## ORDER

CARRIGAN, District Judge.

The Equal Employment Opportunity Commission (EEOC) filed a petition re-questing enforcement of an administrative subpoena against the C. A. Norgren Company (Norgren), under 42 U.S.C. § 2000e–5. An order to show cause why the subpoena should not be enforced was issued and Norgren responded, opposing enforcement on a number of grounds. Initially, Norgren claims that the EEOC charge is insufficient to support the subpoena. Norgren also challenges the subpoena on the grounds that it is overbroad, seeks information not relevant to the charge, and is based on an investigation EEOC is conducting in bad faith.

In an attempt to learn the basis of the charge, Norgren served EEOC staff members with deposition subpoenas. The EEOC moved to quash these subpoenas. Moreover, the EEOC moved to strike Norgren's allegations that it has acted in bad faith in the investigation.

Since the time of the hearing on these matters, November 3, 1981, both parties have continued to submit supplemental materials, the last on February 8, 1982. I have considered these additional submissions and am now prepared to rule on the EEOC's motion to enforce its administrative subpoena.

On September 28, 1979, the EEOC Commissioner filed his charge alleging that Norgren had violated Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.* The charge, subsequently amended on February 5, 1981, claimed that Norgren had unlawfully discriminated against Blacks, Hispanics, and women in recruiting, hiring, and promotion. Notice of the charge was served upon Norgren and the EEOC began its investigation by requesting detailed information from the company's personnel records.

Initially, Norgren attempted to comply with these requests. As the investigation continued, however, animosity developed between the parties and informal discovery broke down.[1] Consequently, the EEOC re-

---

1. The EEOC claimed that Norgren's responses were "vague, incomplete and contradictory." Norgren claimed that the EEOC staff acted improperly and uncooperatively by failing to inform Norgren of the specific charges and for allegedly stating that the EEOC was not interested in seeking any conciliation. Each party has submitted affidavits stating that the other has been less than truthful in its briefs and affidavits. I did not conduct an evidentiary

sorted to this action seeking judicial enforcement of its subpoena to obtain the requested information.

■ An EEOC administrative subpoena may be enforced only if it is based upon a valid charge of discrimination. The prerequisites of a valid charge are set forth in 42 U.S.C. § 2000e–5(b):

"Whenever a charge is filed . . . by a member of the Commission alleging . . . an unlawful employment practice, the Commission shall serve notice of the charge (including the date, place and circumstances of the alleged unlawful employment practice) on [the party charged] . . . within ten days and shall make an investigation thereof. Charges shall be in writing under oath or affirmation and shall contain such information and be in such form as the Commission requires."

Norgren attacks the validity of the charge on the ground that it lacks specificity, particularly with respect to the date of the alleged violations. The date when the alleged discrimination occurred is an indispensable element of a valid charge. *EEOC v. Dean Witter Co.*, 643 F.2d 1334 (9th Cir. 1980). The original charge filed September 28, 1979, did not specify any date when the allegedly unlawful practices occurred. In February 1981, the charge was amended to state that the discrimination had been occurring since July 2, 1965, the date Title VII took effect. In amending the charge, the Commissioner stated:

". . . to clarify any possible ambiguity that may exist in view of the decision in *EEOC v. Dean Witter Co.*, 621 F.2d 1012 [643 F.2d 1334] (9th Cir. 1980), I hereby amend the original charge, which is incorporated here by reference, to state that I have reason to believe that the named employer has engaged in the identified unlawful practice on a continuing basis from at least July 2, 1965, until the present."

■ It appears that the EEOC inserted July 2, 1965, the effective date of Title VII,

as a matter of course without any actual evidentiary or factual basis for that assertion. Cf. *EEOC v. K–Mart*, 526 F.Supp. 121, 27 F.E.P. 336, 339 (E.D.Mich.1981). Such a pro forma insertion of the Act's effective date does not give any meaningful notice of the time when the claimed violations allegedly occurred, and therefore I hold that it fails to comply with the requirements of 42 U.S.C. § 2000e–5(b). When Congress amended Title VII in 1972, it imposed a more specific standard for such charges. The prior version of the statute had required only a statement of the "facts." But the 1972 amendment required that a charge state the "date, place and circumstances" of the alleged unlawful practice. The amended section is clear, unambiguous, and mandatory. *EEOC v. Appalachian Power Co.*, 568 F.2d 354, 355 (4th Cir. 1978). Dates of alleged violations bear directly on the relevancy of an EEOC subpoena, informing the charged party and the Court of the proper scope of the investigation. *Dean Witter*, 643 F.2d at 1338. Merely inserting the Act's effective date does nothing to inform the charged party of the basis or scope of the charge.

Furthermore, mere pro forma insertion of the Title VII effective date seriously undermines the required oath or affirmation which must support an EEOC charge. This oath or affirmation requirement also was enacted in 1972. Previously, the statute required only that the Commissioner filing the charge have "reasonable cause." This requirement that an oath or affirmation support the charge is mandatory and not to be taken lightly. *EEOC v. Sears & Roebuck Co.*, 490 F.Supp. 1245 (M.D.Ala.1980). If, as charged here, the alleged discrimination has been continuous for seventeen years, the Commissioner must be able to state at least one or two dates when acts constituting violations occurred. Congress apparently intended that the Commissioner have sufficient information to swear to the truth of the charges, and that statutory requirement should not be diluted by lending this court's subpoena enforcement pow-

hearing on these collateral matters and, therefore, make no findings on them, nor will I rule

at this time on the EEOC's motion to strike certain affidavits.

**494**

er to charges not meeting the statutory standard.

If the EEOC would disclose the dates of the alleged unlawful employment practices Norgren might be more willing to cooperate in the discovery process, for the investigation then might appear to be more than a mere fishing expedition. *Dean Witter*, 643 F.2d at 1338. Furthermore, the designation of dates will not necessarily limit the EEOC to those specific incidents in an action it might subsequently file against Norgren. Additional unlawful actions discovered during the investigation, reasonably related to the original charge, may be included in the ultimate court action. *EEOC v. Continental Oil Co.*, 548 F.2d 884, 889 (10th Cir. 1977).

For the reasons stated above, I conclude that the EEOC charge, as presently filed, fails to comply with the statutory requirements of 42 U.S.C. § 2000e-5(b). Therefore, the administrative subpoena will not be enforced. If the EEOC amends its charge to comply with the statute, it may ask for consideration of enforcement for a new subpoena.

Accordingly, it is

ORDERED that the Order to Show Cause is discharged, the respondent having made a sufficient showing why the administrative subpoena should not be enforced.