676 F.2d 322
 28 Fair Empl.Prac.Cas. 1087,
29 Fair Empl.Prac.Cas. 1519,
28 Empl. Prac. Dec. P 32,669
SHELL OIL COMPANY, Appellant,
v.
UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION;
Eleanor Holmes Norton, United States Equal Employment
Opportunity Commission; Leroy Clark, General Counsel, United
States Equal Employment Opportunity Commission; W. Ed
Mansfield, District Director, St. Louis District Office,
United States Equal Employment Opportunity Commission, Appellees.
 No. 81-1811.
 United States Court of Appeals,
Eighth Circuit.
 Submitted March 11, 1982.
Decided April 28, 1982.
 
 Michael J. Connolly, Gen. Counsel, Philip B. Sklover, Acting Associate Gen. Counsel, Vella M. Fink, Asst. Gen. Counsel, Lorraine C. Davis, Equal Employment Opportunity Commission, Washington, D.C., for appellees.
 W. Stanley Walch, Charles A. Newman, Thompson & Mitchell, St. Louis, Mo., Martin D. Schneiderman, Samuel T. Perkins, Mark B. Goodwin, Rebecca Hudsmith, Steptoe & Johnson, Washington, D. C., for appellant Shell Oil Co.; Steven J. Killworth, Shell Oil Co., Houston, Tex., of counsel.
 Before ROSS, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and McMILLIAN, Circuit Judge.
 ROSS, Circuit Judge.
 
 
 1
 Shell Oil Company (Shell) appeals from the district court's[1] order of September 22, 1981, 523 F.Supp. 79, dismissing Shell's request for injunctive relief and enforcing the Equal Employment Opportunity Commission's (EEOC or Commission) subpoena. Shell contends the Commissioner's charge was insufficient to support the subpoena and failed to give proper notice as required by Section 706(b) of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-5(b). We agree that the charge failed to meet the requirements of Title VII.
 
 Facts
 
 2
 On September 27, 1979, Eleanor Holmes Norton, then Chair of the EEOC, filed a Commissioner's charge against Shell pursuant to Sections 706 and 707 of Title VII of the Civil Rights Act of 1964, as amended. The charge, in its entirety, stated as follows:
 
 COMMISSIONER'S CHARGE
 
 3
 Pursuant to the provisions of Sections 706 and 707 of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e et seq, (supp v. 1975) I charge the following employer with unlawful employment practices:
 
 Shell Oil Company
 Wood River Refinery
 P.O. Box 262
 Wood River, Illinois 62095
 
 4
 I believe that the above employer is within the jurisdiction of the Equal Employment Opportunity Commission and has violated and continues to violate Sections 703 and 707 of the Civil Rights Act of 1964, as amended, by discriminating against Blacks and females on the basis of race and sex with respect to recruitment, hiring, selection, job assignment, training, testing, promotion, and terms and conditions of employment.
 
 
 5
 More specifically, the employer's unlawful discriminatory practices include, but are not limited to:
 
 
 6
 1. Failing or refusing to recruit, hire, promote, train, assign or select Blacks for managerial, professional, technical, office/clerical, craft, and service workers positions because of their race.
 
 
 7
 2. Failing or refusing to recruit, hire, promote, train, select, and assign females to managerial, professional, technical, craft, operative, laborer and service worker positions because of their sex.
 
 
 8
 The persons aggrieved include all Blacks and women who are, have been or might be affected by the unlawful employment practices complained of herein.
 
 
 9
 Ms. Norton verified, under oath, that she had cause to believe that Shell committed the unlawful employment practices alleged in the charge. On January 16, 1981, the Commissioner's charge was amended to state that Ms. Norton had reason to believe Shell engaged in the unlawful practices on a continuing basis at least from July 2, 1965, to present.
 
 
 10
 In October 1979, Shell received notice of the charge, a copy of the charge, and a Request for Information which sought details of Shell's employment practices. Shell objected to the Request based on Shell's belief that the underlying charge was insufficient. On May 15, 1980, the Commission issued a subpoena requiring Shell to produce certain evidence described in the Request for Information covering the period from 1976 to the present.[2] Shell petitioned the Commission to revoke or modify the subpoena. The EEOC rejected Shell's petition and directed Shell to comply with the subpoena.
 
 
 11
 Shell filed suit in federal district court in Missouri on September 18, 1980, seeking to quash the subpoena and enjoin the Commission's investigation. Shell maintained that: (1) the charge was invalid for failure to specify facts sufficient to form a basis for the allegations of discrimination; (2) the subpoena was unduly burdensome; (3) the subpoena did not meet the requirements of the Federal Reports Act, 44 U.S.C. § 3501 et seq.; (4) the Commission was not authorized to obtain information regarding Shell's computer capability or to require Shell to compile information; and (5) disclosure of information by EEOC to outside consultants would violate Sections 706 and 709(e) of Title VII, 42 U.S.C. §§ 2000e-5 and 2000e-8(e). Shell sought limited discovery of documents pertaining to the Commissioner's charge.
 
 
 12
 On December 2, 1980, the Commission filed a motion to dismiss Shell's action on the grounds that the district court lacked jurisdiction to review the Commission's decision to investigate and that Shell's complaint failed to state a claim. The district court on March 6, 1981, denied the motion to dismiss.
 
 
 13
 On February 4, 1981, the Commission filed an action in federal district court in Illinois to enforce the subpoena. On Shell's motion, the enforcement action was transferred to Missouri and consolidated with Shell's action to quash the subpoena.
 
 
 14
 After a show cause hearing, the district court concluded that Shell's claims were without merit and dismissed the action. The court held that the Commissioner had authority to issue the charge and that the charge met all the requirements of section 706 of Title VII. The district court rejected Shell's other contentions and held that the subpoena should be enforced with the limitation imposed that the Commission could not disclose the information obtained to outside consultants.
 
 
 15
 Shell filed its notice of appeal on October 9, 1981, and the district court on November 9, 1981, stayed its order pending resolution of the appeal.
 
 Discussion
 
 16
 The primary issue on appeal is whether the Commissioner's charge states sufficient facts to comply with the date, place and circumstances requirements of section 706(b). We hold that the requirements were not met. We remand this case to the district court to give the EEOC an opportunity to amend the charge to comply with the requirements of section 706(b).
 
 
 17
 Shell contends the Commissioner's charge did not meet the requirements of Section 706(b) of Title VII, 42 U.S.C. § 2000e-5(b) because the Commissioner failed to articulate a specific basis for the allegations of discrimination and failed to provide adequate notice of the charge. Section 706(b) states in relevant part:
 
 
 18
 (b) Whenever a charge is filed by or on behalf of a person claiming to be aggrieved, or by a member of the Commission, alleging that an employer, * * * has engaged in an unlawful employment practice, the Commission shall serve a notice of the charge (including the date, place and circumstances of the alleged unlawful employment practice) on such employer, * * * within ten days, and shall make an investigation thereof. Charges shall be in writing under oath or affirmation and shall contain such information and be in such form as the Commission requires.
 
 
 19
 42 U.S.C. § 2000e-5(b).
 
 
 20
 Shell argues that the charge was insufficient to support the Commission's investigation because it did not specify the date or circumstances of the alleged discriminatory practices. The amended charge stated that the date of the unlawful practices was July 2, 1965, the date Title VII first became effective. The July 2 date, Shell contends, is not a good faith statement of the date of the alleged unlawful practices. Additionally, Shell argues that the charge merely lists a broad range of unlawful employment practices without stating specific circumstances to provide a basis for believing that Shell violated Title VII.
 
 
 21
 The Commission argues that Title VII does not require the EEOC to articulate a specific basis for the charge because the oath requirement contained in section 706(b) sufficiently protects employers from unfounded charges and obviates any need for a detailed statement of the facts underlying the charge. The Commission also argues that the charge met the date, place and circumstances requirements of section 706(b) in all respects.
 
 
 22
 Section 706(b) requires that the EEOC serve notice of the charge upon the charged party including "date, place and circumstances of the alleged unlawful employment practice."[3] 42 U.S.C. § 2000e-5(b). EEOC procedural regulations require each charge to contain a "statement of the facts, including pertinent dates, constituting the alleged unlawful employment practices." 29 C.F.R. § 1601.12(a)(3) (1981). We find that the notice and charge were deficient because they did not adequately set out the date and circumstances of the unlawful practices.[4]
 
 
 23
 The Ninth Circuit held in EEOC v. Dean Witter Co., 643 F.2d 1334, 1337-38 (9th Cir. 1980) that an EEOC charge, substantially similar to the charge issued here against Shell, did not meet the date requirement because it alleged only that the practices were "continuing." The court in Dean Witter stated that use of the term "continuing" may inform the employer "that the practices are continuing in the present but does not disclose whether the practices have occurred in the past, or at least, when they began in the past." Id. at 1338. We agree that notice should at least inform the employer of the beginning dates of the unlawful practices and include enough other information to more fully identify the individual complaint that has been used as the basis for the subpoena.
 
 
 24
 The EEOC's use of July 2, 1965, as the beginning date of Shell's Title VII violation does not meet this requirement. The purpose of disclosure of a beginning date is to protect the employer from an open-ended investigation by limiting discovery to matters relevant to the charge. Id. at 1338. Use of the effective date of Title VII does not give notice to the employer of the parameters of the investigation. We read section 706(b) to require "some basis in fact for the date alleged in the charge." EEOC v. K-Mart Corp., 526 F.Supp. 121, 125 (E.D.Mich.1981). We find no factual basis in the EEOC's allegation of July 2, 1965, as the beginning date of the alleged Title VII violations.
 
 
 25
 In addition to requiring a charge to contain the date of the alleged unlawful practices, section 706(b) requires a statement of the circumstances of the alleged unlawful practices. As with the date requirement, we read this to require the statement of circumstances to be supported by some factual basis. Adequate notice of the factual basis for the charge enables the parties to determine whether conciliation is an appropriate remedy and aids the court and the employer in determining what evidence is relevant for discovery and what records must be retained in accordance with EEOC regulations. 29 C.F.R. § 1602.14(a) (1981). A charge which simply alleges discrimination in all areas of employment practice without some factual basis gives the appearance of a "fishing expedition" and fails to give the employer sufficient notice. Graniteville Co. (Sibley Div.) v. EEOC, 438 F.2d 32, 41 (4th Cir. 1971).
 
 
 26
 A sufficient Commissioner's charge should contain the following information: the date on which a charge was filed with the Commission by an aggrieved individual; the date of the alleged unlawful employment practice; the nature of the charge (e.g., failure to hire, failure to promote, dismissal); and the position of the aggrieved individual (e.g., applicant, employee, former employee). We recognize that the purpose of a Commissioner's charge is to initiate an investigation where an individual is unwilling to file the charge for fear of retaliation by the employer. Graniteville Co. (Sibley Div.) v. EEOC, supra, at 39 n.6; 110 Cong.Rec. 14186-92 (1964), reprinted in EEOC, Legislative History of Titles VII and XI of the Civil Rights Act of 1964, 3301-12 (1978); EEOC v. Dean Witter Co., supra, 643 F.2d at 1339. Therefore, we do not require the Commission to divulge information in the charge which might tend to reveal the identity of an individual who wishes to remain anonymous. But to the extent possible, the Commission should include in the charge the factual basis for the Commissioner's belief that a Title VII violation has occurred.[5]
 
 Additional Issues
 
 27
 Shell further argues on appeal that: (1) enforcement of the EEOC's subpoena would effect an illegal search and seizure because the subpoena is unduly burdensome; (2) the EEOC's investigation is in violation of the Federal Reports Act because the Commission failed to use a properly authorized questionnaire form; and (3) the EEOC lacks authority to obtain information concerning Shell's computer capabilities and information which must be compiled by computer. We find that the district court adequately disposed of these issues in its memoranda and we do not disturb that court's ruling.
 
 Conclusion
 
 28
 We hold that the Commissioner's charge was deficient for failure to include a factual basis for the Commissioner's belief that Shell engaged in unlawful employment practices. We remand to the district court for proceedings consistent with our holding including amendment of the Commissioner's charge to comply with the requirements set out in this opinion.
 
 
 
 [1]
 The Honorable Clyde S. Cahill, Jr., United States District Judge for the Eastern District of Missouri
 
 
 [2]
 The subpoena directed Shell to produce, inter alia, lists of: employees including their sex, race, date of hire, position and salary; applicants for hire identified by race and sex; persons who sought promotion or transfers identified by race and sex, indicating the reason for selection or non-selection; vacancies filled, indicating minimum qualifications required and identity by race and sex of persons selected; employment tests administered indicating the sex, race and score of each person taking such test and employment action taken as a result; training programs used, positions for which they were used, and sex and race of participants; enumerated employment criteria used by Shell such as arrest records, credit checks, previous salary, height or weight. The subpoena also requested information regarding the existence of personnel data on computer file
 
 
 [3]
 Whether such notice should be in the charge itself or in the notice of the charge is not entirely clear from the language of section 706(b). The better practice would be to include the date, place and circumstances in the charge itself. However, "the EEOC should be able to 'cure' any defects in the charge in its notice of the charge." EEOC v. Dean Witter Co., 643 F.2d 1334, 1337 n.2 (9th Cir. 1980)
 
 
 [4]
 The parties do not dispute the fact that a statement of the name and address of the plant at which the alleged practices occurred meets the place requirement of section 706(b)
 
 
 [5]
 We do not doubt that the Chair of the Commission may have some basis for her statement that she believes the employer has violated Sections 703 and 707 of the Civil Rights Act of 1964. However, we believe the law requires additional factual material to comply with section 706(b) and 29 C.F.R. § 1602.14(a) (1981)