**VALLEY INDUSTRIAL SERVICES, INC., Plaintiff,**

v.

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, et al., Defendants.**

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Applicant,**

v.

**VALLEY INDUSTRIAL SERVICES, Respondent.**

**Nos. C–82–6996–MHP, C–83–30 MISC. MHP.**

United States District Court, N.D. California.

July 7, 1983.

---

**9.** For the relevant text of Article VII, section 3(b) and Article XIV, section 2, *see* note 8, *supra.*

Wayne E. Barlow, Mark T. Kobata, Michael E. Caples, Barlow & Attaway, Los Angeles, Cal., for plaintiff.

F. Cancino and Jonathan T. Peck, E.E.O.C., San Francisco, Cal., Nicholas M. Inzeo, Asst. Legal Counsel, E.E.O.C., Washington, D.C., for defendants.

## OPINION

PATEL, District Judge.

Before the court in two related actions are a motion to dismiss Valley Industrial Services, Inc.'s ("Valley") suit for injunctive and declaratory relief against the Equal Employment Opportunity Commission's ("EEOC") complaint and subpoena, C–82–6996, and the EEOC's application for an order to show cause why its subpoena should not be enforced against Valley, C–83–30 MISC. Having considered the papers filed and the oral arguments of counsel, the court grants the motion to dismiss the first action and orders enforcement of the subpoena in the second.

*Motion to Dismiss*

■ The EEOC filed a commissioner's charge (Appendix) against Valley on July 6, 1981, alleging that Valley had been engaging in discriminatory employment practices in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.,* since 1976. Valley brought suit against the EEOC under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701–06,[1] asking this court to declare the EEOC charge and the subpoena issued pursuant thereto invalid and to enjoin further EEOC proceedings against it. This court lacks jurisdiction, because the mere issuance of a charge is not final agency action reviewable under the APA.

Valley's institution of this action after the EEOC has only issued a complaint and before the EEOC has even begun its investigation to determine reasonable cause is precisely the kind of premature attempt to turn prosecutor into defendant which the Supreme Court rejected in *Federal Trade*

*Commission v. Standard Oil of California,* 449 U.S. 232, 243, 101 S.Ct. 488, 494, 66 L.Ed.2d 416 (1980). *Standard Oil* was before the Supreme Court in a virtually identical posture to this case. The Federal Trade Commission ("FTC") had issued a complaint against Standard Oil ("Socal") and seven other oil companies averring that the Commission had reason to believe that the companies were violating the Federal Trade Commission Act. 15 U.S.C. § 45(b). The Commission denied Socal's motion to dismiss the complaint and the matter proceeded to adjudication before an administrative law judge. Socal sued in federal court for a declaration that issuance of the complaint was invalid, claiming that the FTC acted under political pressure and without sufficient evidence to believe any violation had occurred.

The Supreme Court held that the FTC's issuance of a complaint was not "final agency action" under § 10(c) of the APA, 5 U.S.C. § 704, subject to judicial review prior to completion of the administrative process. The Court reasoned that averment of "reason to believe" was merely a "threshold determination that further inquiry is warranted and that a complaint should initiate proceedings." 449 U.S. at 241, 101 S.Ct. at 493. Therefore, the complaint against Socal did not constitute definitive agency action with an immediate practical and legal effect beyond the burden of administrative adjudication itself, as required for pre-enforcement judicial review under *Abbott Laboratories v. Gardner,* 387 U.S. 136, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967). In *Abbott Laboratories,* the Court held that a challenge to Food and Drug Administration regulations was ripe because the regulations had the status of law and required immediate compliance at the risk of civil penalties. In *Standard Oil,* by contrast, the Court reasoned that Socal would have many opportunities for administrative and judicial review before it could be bound by any agency action. Socal could refute the FTC

---

1. The charge also sought relief under the Declaratory Relief Act, 28 U.S.C. §§ 2201–2202 which, of course, does not provide an independent basis for subject matter jurisdiction.

charge at the hearing before the administrative law judge, and appeal any adverse determination to the full Commission and, if necessary, to federal court. 449 U.S. at 241, 101 S.Ct. at 493. Moreover, in contrast to *Abbott,* where a pre-enforcement challenge of the regulations would expedite enforcement of the Act, in *Standard Oil* challenges at the initial complaint stage "would delay resolution of the ultimate question whether the Act was violated." *Id.* at 242, 101 S.Ct. at 494.

Valley's action here is at least as premature as the suit in *Standard Oil,* and bears none of the indicia of ripeness found in *Abbott.* Here, as in the FTC proceedings against Socal, the EEOC's issuance of the complaint against Valley is merely the initial step in the adjudicatory process. Indeed, in the FTC proceedings the agency had already made a threshold determination of reasonable cause and commenced administrative adjudication of the complaint. By contrast, the EEOC has not yet made the determination of reasonable cause. Under Title VII's enforcement procedure, only after the charge is issued does the EEOC commence investigation to determine whether reasonable cause exists to believe the charge is true. If it finds no reasonable cause, it must dismiss the charge. Even if it determines that reasonable cause exists, it must engage in informal conciliation with the employer to attempt to secure voluntary correction of the alleged discriminatory practices. 42 U.S.C. § 2000e–5(b). Only if conciliation fails may the Commission initiate civil proceedings against the employer in a United States District Court. 42 U.S.C. § 2000e–5(f)(1). Therefore, the employer cannot be bound involuntarily by any Commission action until full adjudication in federal court has been completed.

Accordingly, Valley's legal position is unchanged by issuance of the EEOC charge. The only practical effect on Valley at this stage of the proceedings is the burden which accompanies any major litigation, which the Supreme Court expressly held in *Standard Oil* is insufficient to establish final agency action. 449 U.S. at 243, 101 S.Ct. at 494.

Furthermore, the policy considerations upon which the Supreme Court relied in *Standard Oil, id.* at 242–43, 101 S.Ct. at 494–95, apply here with at least equal force. Both regulatory efficacy and judicial efficiency would be hampered by premature and piecemeal judicial review. Early judicial intervention would deprive the EEOC of the opportunity to rectify any mistakes and to apply its expertise to the determination of reasonable cause and, if appropriate, the attainment of voluntary conciliation. Finally, every employer subject to an EEOC charge could make the identical claim that Valley has made here, thereby frustrating the congressional scheme for achieving compliance with the paramount public policy against employment discrimination. Thus, the Supreme Court's rationale for rejecting Socal's suit against the FTC applies equally here: "Judicial review of the averments in the Commission's complaints should not be a means of turning prosecutor into defendant before adjudication concludes.... [I]mmediate judicial review would serve neither efficiency nor enforcement of the Act." *Id.* at 243, 101 S.Ct. at 495.

Accordingly, judicial review is not available because final agency action has not yet occurred. *Cf. Jerry T. O'Brien, Inc. v. Securities and Exchange Commission,* 704 F.2d 1065, 1067 n. 6 (9th Cir.1983) (action to enjoin investigation by the Securities and Exchange Commission ("SEC") after issuance of its Formal Order of Investigation not reviewable since no final agency action, citing *Standard Oil* ).

Finally, even if the EEOC's issuance of a complaint were reviewable, Valley could not obtain injunctive relief because it has an adequate remedy at law, as the related subpoena enforcement action makes abundantly clear. *Cf.* 704 F.2d at 1066–67 (injunctive relief against SEC investigation not available because named targets had adequate legal remedy in challenge of SEC subpoena).

*Enforcement of the Subpoena*

In opposition to the EEOC's application for an order to show cause why the

subpoena should not be enforced, Valley argues that the complaint under which it is issued is invalid. A valid charge is a prerequisite to enforcement of an EEOC subpoena. *Graniteville Co. v. EEOC,* 438 F.2d 32 (4th Cir.1971). Valley claims that the charge was issued without personal knowledge or adequate identification of the date, place and circumstances of the allegedly illegal conduct, in violation of the statute, 42 U.S.C. § 2000e–5, and the implementing regulations, 29 C.F.R. § 1601.12(a). Valley also argues that the subpoena is overbroad and compliance would be unduly burdensome. Valley asks the court to allow discovery into the underlying basis for the charge and, if enforcement of the subpoena is granted, to issue a protective order and require the EEOC to pay compliance costs. Valley's contentions lack merit.[2]

■ The EEOC charge fully satisfies the pleading requirements of the statute and regulations, which are neither onerous nor hypertechnical. *EEOC v. Dean Witter Co., Inc.,* 643 F.2d 1334, 1337–38 (9th Cir.1980). The charge was sworn under oath and gives due notice of the date, place and circumstances of the alleged illegal conduct. In conformity with *Dean Witter,* it states that the unlawful practices have continued since at least January 1, 1976 and taken place at the employer's headquarters and all of its California facilities. It further adequately describes the circumstances of the alleged unlawful employment practices as being the failure to recruit, hire, assign, promote and train women, blacks, Hispanics and Asians for positions as Officials, Managers and Sales Workers. This description provides at least as much detail as the "essentially conclusory" statement of circumstances approved in *Dean Witter. Id.* at 1335–36 n. 1, 1337.

Valley makes too much of the Eight Circuit's holding in *Shell Oil Co. v. EEOC,* 676 F.2d 322 (8th Cir.1982), *cert. granted,* —— U.S. ——, 103 S.Ct. 1181, 75 L.Ed.2d 429 (1983), that a factual or statistical basis for the allegations must be stated. That is not the holding of this circuit or the other circuits that have considered the pleading requirements of § 706(b). *See EEOC v. Dean Witter Co., Inc.,* 643 F.2d at 1338, n. 3. As the *Dean Witter* court observed:

> The amendments impose no strict technical pleading requirement upon complainants, whether they be private parties or the Commissioners of the EEOC. The charge is merely the first step in the administrative process, and it would defeat the Congressional scheme to impose detailed fact pleading burdens on the EEOC before it has had an opportunity to investigate the basis for the charge.

*Id.* at 1338.

■ Valley's argument that this court should allow discovery to test the validity of the allegations of the charge and the Commissioner's personal knowledge thereof belies both the case law and the purpose of the enforcement scheme, which is to allow investigation to determine whether reasonable cause exists. *E.g., EEOC v. K-Mart Corp.,* 694 F.2d 1055, 1063 n. 7 (6th Cir. 1982). Valley has fallen far short of making the requisite substantial showing of abuse of process. *Id.* at 1067.

■ Valley has also failed to show that the subpoena as modified by the EEOC's general counsel is excessive in scope or unduly burdensome. Valley attempts to circumscribe the EEOC's inquiry by use of the discovery rules of the Federal Rules of Civil Procedure. There is no justification for this position. "Notions of relevancy at the investigatory stage are very broad...." *EEOC v. Cambridge Tile Manufacturing*

---

**2.** The administrative search cases on which Valley relies are totally inapposite. Probable cause for issuance of a warrant to search business premises is based on fourth amendment considerations. The administrative subpoena process is of a wholly different character. The purpose of the investigatory and subpoena process is to determine whether there is "reasonable cause" to believe a violation of the law has occurred. *EEOC v. Chrysler Corp.,* 567 F.2d 754, 755 (8th Cir.1977). In addition, the "reasonable cause" requirement of § 706(b) of Title VII, 42 U.S.C. § 2000e–5(b), was written out of the statute by the 1972 amendments. Pub.L. No. 92–261, 86 Stat. 104 (1972).

*Co.*, 590 F.2d 205, 206 (6th Cir.1979). The information requested is sufficiently specific and relevant to meet the standards applicable to the EEOC subpoena process. The mere fact that some compilation of data may be required does not render it excessively burdensome. *See Local 104, Sheet Metal Workers v. EEOC*, 439 F.2d 237, 243 (9th Cir.1971). Every employer investigated by the EEOC may feel that compliance is burdensome. Indeed, some burden is contemplated by Title VII. The question is whether compliance imposes an unreasonable burden. Absent a showing of unreasonable burden or agency abuse, employers must shoulder their share of enforcement costs to enable the antidiscrimination laws to function as Congress intended.

■ Finally, Valley requests a protective order against disclosure of "trade secrets" obtained during the EEOC's investigation. Title VII already requires that all information obtained during the investigation and conciliation stages of EEOC proceedings be kept confidential. Any EEOC employee who violates this requirement is subject to a fine of up to $1,000 or imprisonment of up to one year. 42 U.S.C. § 2000e–8(e). Valley has made no showing that a violation of confidentiality is likely to occur, or that the statutory remedy is inadequate. If at a later date the EEOC does file suit against Valley so that the statutory protection against disclosure no longer applies, Valley may seek a protective order under Fed.R. Civ.P. 26(c) at that time.

IT IS HEREBY ORDERED that the EEOC's motion to dismiss Valley's complaint in C–82–6996 is GRANTED; Valley's motion for a protective order is DENIED; and the application for an Order to Show Cause why the subpoena should not be enforced in Civ. 83–30 MISC is GRANTED. Valley shall answer the modified subpoena in its entirety by submitting the requested information to the Supervisor, Systemic Programs, EEOC, 10 United Nations Plaza, 3rd Floor, San Francisco, CA 94102 within thirty (30) days of the date of this order.

IT IS SO ORDERED.

## APPENDIX

### COMMISSIONER'S CHARGE

Pursuant to the provisions of Sections 706 and 707 of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.,* I charge the employer named below with unlawful employment practices occurring at its headquarters office and all of its facilities located in the State of California:

Valley Industrial Services, Incorporated
1010 W. Whitesbridge Road
Fresno, California 93775

I believe that the above named employer is within the jurisdiction of the Equal Employment Opportunity Commission and has violated since at least January 1, 1976 and continues to violate Sections 703 and 707 of the Civil Rights Act of 1964, as amended, by unlawfully discriminating against women, Blacks, Hispanics and Asians because of their sex, race and national origin with respect to recruitment, hiring, promotion, training, assignment, and other terms and conditions of employment.

More specifically, the employer's unlawful discriminatory practices include but are not limited to:

1. Refusing and failing to recruit, hire, assign, promote and train women for positions as Officials and Managers and Sales Workers on an equal basis with men because of their sex.

2. Refusing and failing to recruit, hire, assign, promote and train Blacks for positions as Officials and Managers and Sales Workers on an equal basis with whites because of their race.

3. Refusing and failing to recruit, hire, assign, promote and train Hispanics for positions as Officials and Managers and Sales Workers on an equal basis with whites because of their national origin.

4. Refusing and failing to recruit, hire, assign, promote and train Asians for positions as Officials and Managers and Sales Workers on an equal basis with whites because of their national origin.

The class aggrieved includes, but is not limited to, all Blacks, Hispanics, women, and Asians who have been, continue to be or may in the future be adversely affected by the unlawful practices complained of herein.

District of Columbia, ss:

I, Daniel E. Leach, being duly sworn, depose and say that I am a Commissioner of the Equal Employment Opportunity Commission and that I have reason to believe that Valley Industrial Services, Inc. has committed the unlawful employment practices set forth in the foregoing charge.

/s/Daniel E. Leach
Commissioner

Subscribed and sworn to before me this 6th day of July 1981.

[Signature]
Notary Public

My Commission expires: 31 October 1984