EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff/Applicant,

v.

K–MART CORPORATION and K–Mart Enterprises, Inc., Defendants/Respondents.

Misc. No. 81–346.

United States District Court, E. D. Michigan, S. D.

Oct. 27, 1981.

---

Miguel Ortiz, Equal Employment Opportunity Commission, Detroit, Mich., for plaintiff/applicant.

Peter J. Palmer, Troy, Mich., Richard T. Sampson, Baltimore, Md., for defendants/respondents.

## OPINION AND ORDER

ANNA DIGGS TAYLOR, District Judge.

The plaintiff, Equal Employment Opportunity Commission ("EEOC") has moved, pursuant to Rule 7(b) of the Federal Rules of Civil Procedure, to clarify an order entered by this court on August 27, 1981. In that order this court affirmed the decision of the Honorable Thomas A. Carlson, Magistrate, which denied the plaintiff's request for a protective order to block the defendants, K–Mart Corporation and K–Mart Enterprises, Inc. ("K–Mart") from deposing a former commissioner and designated employees of the EEOC concerning the circumstances surrounding the filing of discrimination charges against K–Mart. The specific relief requested by the plaintiff is that:

> "[T]his court ... make specific findings of fact and conclusions of law indicating that discovery in this matter is necessary and to provide the plaintiff with a meaningful hearing of legitimate challenges at the subpoena enforcement hearing." Plaintiff's brief at p. 1.

This case originally arises on application of the EEOC to enforce an administrative subpoena against K–Mart. In *Commissioner Ethel Bent-Walsh v. K–Mart Corporation and K–Mart Enterprises, Inc.*, Charges # # 054 80 0074 and 0075, the EEOC alleged that K–Mart was guilty of violating sections 703 and 707 of the Civil Rights Acts of 1964, as amended, ("Title VII"), by unlawfully discriminating against blacks because of their race with respect to recruitment, hiring, job classification, job assignment, promotion, job segregation, discharge and other terms of employment. Similar charges were made against the defendants concerning the terms and conditions of employment of Hispanics, in addition to an allegation of sex discrimination against women. The charge included the statement of former commissioner Ethel Bent-Walsh, who noted that she had "cause to believe that the above named [defendants] have committed the unlawful employment practices set forth in the foregoing charge." The charge did not set forth the date the alleged unlawful employment practices occurred nor did it set forth a reasonable estimate as to when the alleged practices occurred. A date is specifically required by Section 706(b) of Title VII, 42 U.S.C. § 2000e–5(b).

On October 27, 1980, Delores L. Rozzi, Director of the EEOC Detroit District Office, and the person in charge of investiga-

tions issued and served upon the defendants an administrative subpoena requesting, *inter alia*, that the defendants produce all master payroll information and W-2 worksheet information for the years 1977, 1978 and 1979. In addition, the EEOC requested that the defendants make available Robert Burney, a person responsible for maintaining the defendants' employment records, for deposition.

On October 29, 1980, the defendants filed a petition to revoke or modify the EEOC subpoena with the agency, asserting several grounds for such action. Before a decision was rendered on the defendants' petition, the agency amended its original charge against the defendants to include a date on which the alleged violations of the civil rights laws occurred. In her amended charge, Commissioner Walsh incorporated by reference the allegations contained in the original charge, and asserted that violations of the civil rights laws occurred from July 2, 1965 through the present. The amendment was filed December 4, 1980.

On February 27, 1981, the EEOC denied the defendants' request to modify or revoke its administrative subpoena. K-Mart filed a timely notice of appeal with the EEOC Office of the General Counsel. After consideration of the issues raised in the defendants' petition, the General Counsel's Office modified the Agency's subpoena requiring the defendants to furnish only information noted in the subpoena for the years January 1, 1977 through October 10, 1980. Shortly after this decision was rendered defendants informed EEOC by letter dated May 8, 1981, that they would not comply with the administrative subpoena.

On May 11, 1981, the EEOC procured an Order to Show Cause why the defendants should not comply with the administrative subpoena served by the agency. The matter was set for hearing before Magistrate Thomas A. Carlson for May 22, 1981. This hearing date, however, was adjourned on May 19, 1981 at the request of the parties, and reset for June 5, 1981. On May 20, 1981, the defendants noticed the deposition of the commissioner who filed the discrimi-

nation charge against them, in addition to various employees, to be designated by the agency, familiar with the circumstances surrounding the filing of the discrimination charge against the defendants. The depositions were noticed for May 29, 1981. Before the depositions could be taken the EEOC filed a motion for a protective order to prohibit the defendants from taking the depositions of the commissioner and designated employees. Per the stipulation of the parties, the Show Cause hearing was adjourned pending the outcome of the plaintiff's motion for a protective order before Magistrate Carlson.

On June 5, 1981, Magistrate Carlson entered an order denying the EEOC's request for a protective order and granting the defendants the *limited* opportunity to depose the former commissioner and employees to be designated by the agency concerning the validity of the discrimination charges filed against the defendants. In granting the limited request for discovery, Magistrate Carlson noted:

> The Court is persuaded that there is sufficient reason to permit further inquiry into the date charged on the charges that have been brought and the oath or affirmation that has been signed which would go to the validity of the request—the underlying request to enforce the subpoena. (Tr. of hearing before the Magistrate at p. 30-31.)

The EEOC filed objections to the Magistrate's Report and Recommendation, and asked this court to reconsider the Magistrate's order allowing limited discovery. After careful review of the briefs submitted by the parties before the Magistrate, the transcript of hearing before the Magistrate, and the briefs submitted by the parties in support of their positions for reconsideration, this court denied plaintiff's request for reconsideration, finding that the Magistrate's decision was neither clearly erroneous nor contrary to law within the meaning of 28 U.S.C. § 636(b)(1)(A). This motion for clarification followed.

## DISCUSSION

It is important to note at the outset that the court is not required by the Federal Rules of Civil Procedure to make detailed findings of fact and conclusions of law to support its order of August 27 on plaintiff's motion. See *United States v. Crescent Amusement Co.*, 323 U.S. 173, 65 S.Ct. 254, 89 L.Ed. 160 (1944). It is clear to the court that the Magistrate's order of June 5, 1981 and the court's order of August 27 satisfy both the letter and spirit of the applicable rule, which is Rule 52(a).

In reaching his decision to allow the defendants the limited opportunity to depose the former commissioner and designated employees of the agency the Magistrate, in a well reasoned report and recommendation, spelled out exactly why he allowed the defendants the limited opportunity to depose the commission and the designated employees. In reviewing the transcript of the hearing before the Magistrate the court noted that both the EEOC and the defendants were given the opportunity to fully plead and argue their respective positions; and that the Magistrate carefully weighed and balanced the considerations applicable to each of the parties before reaching his final conclusions. If the plaintiff misunderstands the findings of fact and conclusions of law of the Magistrate it need only look to the transcript of the hearing before the Magistrate and his report and recommendation for further elucidation.

Likewise, this court's order affirming the report and recommendation of the Magistrate needs no further clarification. As noted in the order affirming the Magistrate's decision, this court after review of the entire file, found that the Magistrate's decision was not clearly erroneous or contrary to the law.

Close examination of the plaintiff's motion for clarification reveals that it is but a veiled attempt to circumvent the court's order requiring the plaintiff to make available for deposition the former commissioner and designated employees familiar with the validity of the charge filed against the defendants. Examination of the EEOC's present litigative posture reveals exactly why it is having such a difficult time understanding the two orders of this court which allow the respondents the limited opportunity to depose agency officials.

In support of its motion for a protective order before the Magistrate, the EEOC argued that it was not required to present the basis of alleged discrimination before being given the opportunity to investigate and ascertain the facts upon which the discrimination charge was made. To support its position, the commission noted that prior to the 1972 amendments to Title VII, there was a requirement that the EEOC set forth a recitation of the facts on which the charge was based, but that the amendments to Title VII changed this statutory language to require only that the charge be in writing under oath and affirmation, and in such form as the EEOC required. 42 U.S.C. § 2000e–5(b). Thus, the commission argued, it was not required to set forth or present the facts upon which the discrimination charges were based prior to the investigation and that the defendants had no basis upon which to request the deposition to discover the basis for the charges filed.

In the hearing before the Magistrate, however, the defendants set forth their request to take the depositions of the agency officials succinctly by noting:

> We seek limited discovery with respect to whether or not the commissioner either in the original charge or in the amended charge applied the *proper standard* in issuing the charge under oath. We would have no objection in this court narrowing the scope of the depositions and the request for discovery going to the knowledge and facts of the commissioner at the time she signed under oath the charge and what standard she used in determining whether or not the charge should be issued. (Tr. at 10–11) (Emphasis added)

The validity of the defendants' limited request to depose agency officials can readily be seen from the deficiencies on the face of the charges filed against the defendants. First, it is axiomatic that in order to inves-

tigate allegations of discrimination, the EEOC *must* issue a valid charge of discrimination. Here, it is apparent that there were several problems associated with the charges of discrimination listed against the defendants. First, the foremost is the fact that the original charge neglected to give the date or dates the alleged unlawful employment practices occurred. The failure to give a date is a crucial jurisdictional defect which can lead to a dismissal of an EEOC charge of discrimination. *EEOC v. Dean Witter*, 643 F.2d 1334, 23 FEP Cases 113 (9th Cir. 1980). In *Dean Witter*, the leading case in the area concerning the failure of the EEOC to note a date in its charge of discrimination, the 9th Circuit *refused* to enforce a subpoena issued in conjunction with a charge where the charge failed to satisfy the date requirement. There, the court noted:

> The EEOC's charge was deficient, however, in its statement of the date of the alleged unlawful employment practices. Here the EEOC charged only that the practices are continuing in the present but does not disclose whether the practices occurred in the past, or at least, when they began in the past. This omission is not insignificant. Although the EEOC's investigatory powers are extremely broad, see *Motorola, Inc., v. McLain*, 484 F.2d 1339 (7th Cir. 1973), *cert. denied* 416 U.S. 936 [94 S.Ct. 1935, 40 L.Ed.2d 287] (1974), it is entitled to have access only to evidence that is relevant and material to the charge being investigated. [Citations omitted.] The dates of the alleged unfair practices bear directly on the relevancy of an EEOC enforcement subpoena. By disclosing the dates of the alleged practices under investigation, the EEOC will inform the charged party, as well as the court which is asked to enforce a subpoena, what the proper scope of the investigation should be time-wise. (643 F.2d at 1337, 1338, 23 FEP Cases at 117.)

█ Second, in amending the original charge the plaintiff has raised questions before the Magistrate and this court as well concerning the underlying validity of the date contained in the amended charge alleging unlawful employment practices. In their hearing before the Magistrate the defendants produced uncontroverted evidence before the Magistrate that the EEOC has a practice which allows it as a matter of policy to simply insert July 2, 1965, the effective date of Title VII, as the beginning date of alleged unlawful employment practices if a pattern allegation is contained in a discrimination charge against a defendant. If this fact is true, the agency would be acting in contravention of Section 706(b) of Title VII, as well as its own regulations which *require* some basis in fact for the date alleged in the charge. *See*, 29 CFR § 1601.12(a)(3). A pro-forma insertion of a date as a matter of practice cuts against the very concept of oath and affirmation required to be made by a commissioner who signs a charge of discrimination. The pro-forma date insertion would provide the agency with the broadest of investigatory power to review the files and records of an employer where the agency would not have reason, but for that policy, to believe that unlawful employment practices have occurred. As this court reads the oath and affirmation requirement, it requires more than a simple pro-forma insertion of a date in order to satisfy the requirements of Section 706(b). If it did not, the carefully drafted jurisdictional requirements of Section 706(b) would offer little protection to those who faced the investigative scrutiny of the EEOC. Had Congress intended the agency to have power to disregard the date of the alleged unlawful employment practice, it would have eliminated the date requirement altogether. It chose, however, not to, and made the date requirement expressly applicable to charges filed by Commissioners. Section 707(e), 42 U.S.C. § 2000e–5(e).

Lastly, the respondents raised serious questions concerning the validity of the oath and affirmation surrounding the amended charges lodged against them by the EEOC. Under 706(b) it is specifically provided that charges "shall be under oath and affirmation . . . ." Prior to the 1972

amendments of Title VII, the only requirement placed upon a commissioner for the issuance of a commissioner's charge was that he or she first conclude that "reasonable cause" existed to believe that a violation for the Civil Rights Act had occurred. As interpreted by the courts, however, the amendment to the statute requiring oath and affirmation strengthened the old reasonable cause standard to require sufficient information upon which to base its investigation. *EEOC v. Appalachian Power*, 13 FEP Cases 1294 (W.D.W.Va.1976), *aff'd* 568 F.2d 354 (4th Cir. 1978). If, as defendants asserted before the Magistrate, the agency has a *pro-forma* policy of inserting July 2, 1965, the effective date of Title VII, as the beginning of all allegations of unlawful employment practices, then it would be clear to this court that the agency did not have a sufficient base of information upon which to justify its administrative subpoena enforcement action since the commissioner did not have a basis in fact upon which to affirm his belief that unlawful employment practices have occurred from the date alleged in the amended charge. Persons subject to investigations by the EEOC would not have the statutory protection afforded them by Congress and would be subject to the very abuses that Congress sought to prohibit when it amended the predecessor of Section 706(b). *EEOC v. Sears & Roebuck Co.*, 490 F.Supp. 1245 (M.D.Ala.1980).

IT IS ORDERED that the plaintiff will make available the former commissioner of the EEOC, Ethel Bent-Walsh and that the agency will designate those employees familiar with the filing of the discrimination charges against the defendants for deposition within ten (10) days after entry of this Order.

IT IS FURTHER ORDERED that the Order to Show Cause why the EEOC's Administrative subpoena should not be enforced will be set for hearing in this court on December 9, 1981 at 2:00 p. m.

IT IS SO ORDERED.

No costs.