EQUAL EMPLOYMENT OPPORTUNI-
TY COMMISSION, Plaintiff-Appel-
lant,

v.

K–MART CORPORATION and K-Mart
Enterprises, Inc.,
Defendants-Appellees.

In re EQUAL EMPLOYMENT OPPOR-
TUNITY COMMISSION, Petitioner.

Nos. 81–1722, 82–1909.

United States Court of Appeals,
Sixth Circuit.

Argued April 29, 1982.

Decided Dec. 8, 1982.

Carol Cresswell Moschandreas, Equal Employment Opportunity Commission, Washington, D.C., for plaintiff-appellant.

Equal Employment Opportunity Advisory Counsel, Douglas S. McDowell, McGuiness & Williams, Washington, D.C., for amicus curiae.

Richard T. Sampson-Kathleen Pontone, Semmes, Bowen & Semmes, Baltimore, Md., Peter J. Palmer, K-Mart Corp., International Headquarters, Troy, Mich., for defendants-appellees.

Before KEITH and JONES, Circuit Judges, and MILES *, Chief District Judge.

KEITH, Circuit Judge.

A judge of the United States District Court for the Eastern District of Michigan issued an order requiring the Equal Employment Opportunity Commission ("EEOC") to produce former EEOC Commissioner Ethel Bent Walsh and certain current EEOC employees for deposition. The EEOC petitions this Court for a writ of mandamus ordering the district court to vacate that discovery order. For the reasons below, we grant the writ of mandamus and vacate the district judge's order. 526 F.Supp. 121.

### FACTS

On September 28, 1979, former EEOC Commissioner Ethel Bent Walsh filed a charge of discrimination against the K-Mart Corporation and K-Mart Enterprises ("K-Mart"). Walsh alleged that she had cause to believe that K-Mart discriminated against Blacks, Hispanics, and women in violation of Title VII of the Civil Rights

* Hon. Wendell A. Miles, Chief District Judge, Western District of Michigan, sitting by desig- nation.

Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* (1976).[1] Specifically, Walsh alleged that K-Mart practiced unlawful racial and sexual discrimination in its recruiting, hiring, job classification, job assignment, promotion and job segregation. Walsh did not state the dates on which these alleged acts

of discrimination occurred. She did, however, make these allegations under oath.

In October 1980, the EEOC issued two administrative subpoenas to K-Mart. The EEOC requested the production of various documents, and the production of a K-Mart executive for deposition.[2] On October 29,

---

1. The full text of Walsh's original charge is as follows:

Pursuant to the provisions of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* (Supp.II.1972), I charge the following employers with unlawful practices:
K mart Corporation
3100 West Big Beaver
Troy, Michigan
K mart Enterprises Corporation
3000 West Fourteen Mile Road
Royal Oak, Michigan

The charge pertains to the Michigan headquarters office of K mart Corporation and the Michigan Headquarters of K mart Enterprises Corporation, a subsidiary of the K mart Corporation.

I believe that the above named employers are within the jurisdiction of the Equal Employment Opportunity Commission and have violated Section 703 and 707 of the Civil Rights Act of 1964, as amended, by unlawfully discriminating against Blacks because of their race with respect to recruitment, hiring, job classification, job assignment, promotion, job segregation, discharge and other terms and conditions of employment; against Hispanics because of their national origin with respect to recruitment, hiring, promotion and other terms and conditions of employment and against women because of their sex with respect to recruitment, hiring, job classification, assignment, promotion and other terms and conditions of employment.

More specifically, the employer's unlawful discriminatory practices include but are not limited to:

1. Referring and failing to recruit and select Blacks, women and Hispanics at all levels of employment on an equal basis with white males, because of their race, sex and national origin.

2. a. Restricting and/or excluding Blacks from positions as officials, managers, professionals, technicians, clerical workers, craft workers and service workers at K mart Headquarters, because of their race and assigning and/or reclassifying Blacks to positions of lower pay, lesser responsibility, and fewer opportunities for advancement than positions to which similarly qualified white males are assigned;

b. Restricting and/or excluding women from positions as officials and managers, professionals, and technicians, at K mart Headquarters, because of their sex and as-

signing and/or reclassifying women to positions of lower pay, lesser responsibility, and fewer opportunities for advancement than positions to which similarly qualified white males are assigned;

c. Restricting and/or excluding Hispanics from positions as officials and managers and clerical workers at K mart Headquarters because of their national origin;

3. a. Restricting and/or excluding Blacks from positions as officials and managers and clerical workers at K mart Enterprises because of their race;

b. Restricting and/or excluding women from positions as officials and managers at K mart Enterprises because of their sex;

4. Failing to provide Blacks, Hispanics and women with opportunities for promotion equal to those afforded white males;

5. Failing to provide Blacks with the same working conditions that are provided to whites, because of their race;

6. Discharging Blacks, because of their race, at K mart Headquarters.

The class aggrieved includes, but is not limited to, all Blacks and women who have been, continue to be or may in the future be adversely affected by the unlawful practices complained of herein.
District of Columbia, ss:
I. Ethel Bend Walsh, being duly sworn, depose and say that I am a Commissioner of the Equal Employment Opportunity Commission and that I have cause to believe that the above named respondents have committed the unlawful employment practices set forth in the foregoing charge.

2. The first subpoena requested the production of magnetic tape copies from K-Mart's computer files of the following: 1) Current Payroll Master File for K-Mart International Headquarters employees; 2) the W–2 Work File for 1977, 1978, and 1979, for employees at K-Mart's Troy International Headquarters and K-Mart Enterprises, Inc.; 3) the Payroll Master File for 1977, 1978, and 1979 for employees at K-Mart's Troy International Headquarters and K-Mart Enterprises; and 4) copies of all computerized files containing any information on K-Mart's Troy International Headquarters and K-Mart Enterprises pensions from July 2, 1965 to October 1, 1980. The second subpoena requested that K-Mart produce Robert Burney, a K-Mart executive who was responsible for maintaining K-Mart's employment records for deposition.

1980, K-Mart filed a petition with the EEOC seeking to revoke or modify the administrative subpoenas.

On December 4, 1980, Walsh amended her original charge in response to the Ninth Circuit's decision in *EEOC v. Dean Witter Co.,* 643 F.2d 1334 (9th Cir.1980).[3] In *Dean Witter,* a subpoena enforcement action, the Court held that a charge which stated that the alleged discriminatory employment practices were "continuing" was insufficient to meet the "date" requirement of Section 706(b) of Title VII, 42 U.S.C. § 2000e–5(b). Section 706(b) requires that the EEOC serve upon an employer charged with unlawful employment practices a "notice of the charge (including the date, place, and circumstances of the alleged unlawful employment practice)" 42 U.S.C. § 2000e–5, *as amended.* Thus, the Court denied enforcement of an administrative subpoena which the EEOC had issued to the employer.

In her amended charge, Walsh stated that "[w]hen I signed the charge, I intended to cover all the unlawful employment practices identified therein occurring from July 2, 1965, continuing through at least the date of the charge, and I believed that the charge as written did cover that time period." App. 23. She also stated that ". . . to clarify any possible ambiguity that may exist in view of the *[Dean Witter]* decision, I . . . amend my original charge, which is incorporated here by reference, to state that I have reason to believe that the named employers have engaged in the iden-

tified unlawful employment practices on a continuing basis from July 2, 1965 until the present." *Id.* This amended charge was also under oath.

On February 27, 1981, the EEOC denied K-Mart's request to modify or revoke the administrative subpoenas. K-Mart appealed to the General Counsel's Office of the EEOC, and the subpoena was modified.[4] Despite this modification, K-Mart, in a letter dated May 8, 1981, informed the EEOC that it would not comply with the administrative subpoenas.

On May 11, 1981, the EEOC filed this action in the United States District Court for the Eastern District of Michigan to enforce the administrative subpoenas. That same day, the court issued an Order to Show Cause why K-Mart should not comply with the subpoenas. A hearing was scheduled for May 22, 1981 before a United States Magistrate.

On May 20, 1981, K-Mart noticed the depositions of former EEOC Commissioner Walsh and certain EEOC employees who had been involved in the decisions to issue the charge and the administrative subpoenas to K-Mart. On May 26, 1981, the EEOC moved the district court for a protective order prohibiting K-Mart from taking the depositions of Walsh and the EEOC employees. This matter was also referred to the magistrate.

On June 5, 1981, the magistrate denied the EEOC's request for a protective order. The magistrate did, however, limit the

---

**3.** The full text of Walsh's amended charge is as follows:

> On September 28, 1979, I signed a Commissioner Charge against
> K mart Corporation
> 3100 West Big Beaver
> Troy, Michigan
> K mart Enterprises, Corporation
> 3000 West Fourteen Mile Road
> Royal Oak, Michigan.
> When I signed the charge I intended to cover all the unlawful employment practices identified therein occurring from July 2, 1965, continuing through at least the date of the charge, and I believed that the charge as written did cover that time period. Nevertheless, to clarify any possible ambiguity that

> may exist in view of the decision in *EEOC v. Dean Witter Co.,* 621 F.2d 1012 (9th Cir.1980) [republished at 643 F.2d 1334 (9th Cir.1980) ], I hereby amend the original charge, which is incorporated here by reference, to state that I have reason to believe that the named employers have engaged in the identified unlawful employment practices on a continuing basis from July 2, 1965, until the present. I swear or affirm that I have read the above amendment and that it is true to the best of my knowledge, information and belief.

**4.** The modified subpoena requested K-Mart to provide the information requested only for the years January 1, 1977 through October 10, 1980.

scope of the proposed depositions to matters relating to 1) the date of the alleged unlawful acts; 2) the standard employed for making the decision to issue the charge of unlawful discrimination; and 3) the general type or kind of information the EEOC possessed before the charges were issued. He also noted that the EEOC need not produce any documents.

The EEOC objected to the Magistrate's Report and Recommendation. The EEOC moved the district court to reconsider the magistrate's order allowing discovery. This motion was denied on August 27, 1981. The EEOC filed a Motion for Clarification of the August 27 order. The EEOC sought to have the district court include findings of fact and conclusions of law which would indicate that discovery was necessary.

On October 27, 1981, the district court reaffirmed its earlier order requiring that the EEOC make Walsh and the other designated employees available for deposition. Thereafter, K-Mart issued subpoenas for depositions to Walsh and the other EEOC employees.

On November 6, 1981, the EEOC simultaneously sought certification for an interlocutory appeal of the discovery order under 28 U.S.C. § 1292(b), and a stay of the October 27, 1981 order. That same day, the district court denied the motion for stay, and the EEOC appealed the denial of the motion for a stay to this Court. The EEOC immediately applied to the district court for a stay pending this appeal.

On November 9, 1981, Walsh was scheduled to appear at the Washington, D.C. offices of K-Mart's counsel for a deposition at 10 a.m. However, the deposition never occurred. That morning, the EEOC applied to the United States District Court for the District of Columbia for a stay of K-Mart's subpoena. The EEOC appeared before District Judge Thomas A. Flannery and obtained a stay of the subpoena. That same day, the EEOC sought a stay pending appeal, or, in the alternative, a petition for mandamus from this Court. Also on this date, the EEOC filed a Notice of Appeal from the district court's August 27, and October 27,

1981 orders, and the Magistrate's June 5, 1981 order.

On November 11, 1981, the Honorable Nathaniel R. Jones of this Court referred the motion for a stay pending appeal and the petition for a writ of mandamus to a three-judge motions panel for its consideration. Judge Jones stayed the district court's order pending the three-judge panel's disposition of this matter.

On January 7, 1982, K-Mart moved this Court to dismiss the appeal and the petition for a writ of mandamus, and to vacate the stay granted by Judge Jones. K-Mart alleged that the discovery order was not appealable, and that the EEOC's notice of appeal was untimely. K-Mart also alleged there was no petition for mandamus before this Court, that any petition was untimely filed, and that mandamus relief was not available in this case. On January 28, 1982, the EEOC conceded that its appeal was untimely, but continued to maintain that this Court should issue a writ of mandamus.

A motions panel of this Court concluded that portions of the EEOC's emergency motion for a stay and statements contained in its petition and brief were sufficient to bring the petition for mandamus relief before this Court. Moreover, because the case presented a question of first impression, the panel agreed to accept jurisdiction over this case. Accordingly, the panel extended the emergency stay and referred K-Mart's motion to dismiss to the panel designated to hear this case.

## I. JURISDICTION

The threshold question on appeal is whether this Court has jurisdiction. K-Mart moved this Court to dismiss the EEOC's appeal and the petition for a writ of mandamus. We will consider each alleged jurisdictional defect separately.

### A. The Appeal

K-Mart argues that this Court does not have jurisdiction over this appeal because 1) the appeal was not timely filed pursuant to Rule 4(a)(1), Fed.R.App.P.; 2) the appeal has no effect under Rule 4(a)(4), Fed.R.

App.P., since it was filed during the pendency of a motion to amend the district court's order to certify the appeal under 28 U.S.C. § 1292(b); and 3) the order granting limited discovery of former Commissioner Walsh and the designated EEOC employees was not an appealable order.

■ The EEOC concedes that this appeal was untimely pursuant to Rule 4(a)(1). A timely notice of appeal is a mandatory jurisdictional requirement. *Browder v. Director, Department of Corrections of Illinois,* 434 U.S. 257, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978). Therefore, we have no jurisdiction over an appeal in this case because it was not timely filed.

B. The Petition for a Writ of Mandamus

K-Mart argues that the EEOC's petition for a writ of mandamus should be dismissed because: 1) a petition for a writ of mandamus is not before this Court; 2) assuming a petition was before this Court, that petition was not timely filed; and 3) mandamus is not available to review the discovery order at issue here. The EEOC argues 1) that the petition for a writ of mandamus fully complies with Rule 21, Fed.R.App.P.; 2) that the petition was timely filed; and 3) that mandamus relief is appropriate in this case.

■ The motions panel held that "portions of the EEOC's emergency motion for stay as well as its petition and brief are sufficient to bring the petition for mandamus relief before the Court." We reaffirm this conclusion. Rule 21(a), Fed.R.App.P., provides the requirements for bringing a petition for a writ of mandamus before this Court.[5] The EEOC's emergency motion for stay pending appeal and petition for writ of mandamus, and its brief and reply brief,

clearly satisfy the requirements of Rule 21(a). The petition and the briefs set forth the facts necessary to understand the issues involved, the reasons mandamus relief would be appropriate, the relief sought, and the relevant portions of the district judge's October 27, 1981 opinion.

K-Mart's contention that the petition for a writ of mandamus was untimely is also without merit. K-Mart argues that this Court should not acknowledge a petition which was not filed within the time for appeal. However, even the cases cited by K-Mart hold that the timeliness of a petition is governed by the equitable doctrine of laches. *See United States (ex rel. Arant) v. Lane,* 249 U.S. 367, 371, 39 S.Ct. 293, 294, 63 L.Ed. 650 (1919) ("[Mandamus] ... [is] subject to the equitable doctrine of laches."); *United States v. Olds,* 426 F.2d 562, 566 (3d Cir.1970) ("[M]andamus must be sought with reasonable promptness, [but] [t]here is no inflexible rule on timeliness ..."). *See also* 9A *Moore's Federal Practice* ¶ 221.03 at 21–4.

■ K-Mart also contends that the petition is untimely under the doctrine of laches. We disagree. "[The] essence [of laches] is unreasonable delay in asserting a claim that prejudices the defendant." *Thropp v. Bache Halsey Stuart Shields, Inc.,* 650 F.2d 817, 822 (6th Cir.1981). In *United States v. Weintraub,* 613 F.2d 612 (6th Cir.1979), cert. denied, 447 U.S. 905, 100 S.Ct. 2987, 64 L.Ed.2d 854 (1980), this Court held that "[l]aches requires proof of (1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting the defense."

In this case, K-Mart failed to prove the two requirements for asserting laches.

---

5. Rule 21(a), Fed.R.App.P. provides in pertinent part:

   Rule 21. Writs of Mandamus and Prohibition Directed to a Judge or Judges and Other Extraordinary Writs

   (a) Mandamus or Prohibition to a Judge or Judges; Petition for Writ; Service and Filing. Application for a writ of mandamus or of prohibition directed to a judge or judges shall be made by filing a petition therefor with the clerk of the court of appeals with proof of service on the respondent judge or judges and on all parties to the action in the trial court. The petition shall contain a statement of the facts necessary to an understanding of the issues presented by the application; a statement of the issues presented and of the relief sought; a statement of the reasons why the writ should issue; and copies of any order or opinion or parts of the record which may be essential to an understanding of the matters set forth in the petition.

First, K-Mart failed to prove that there was a lack of diligence by the EEOC or that there was an unreasonable delay in seeking mandamus relief. K-Mart argues that "the purported petition ... was not filed until December 21, 1981." The motions panel, however, held that the EEOC's emergency motion for a stay should be treated as a petition for mandamus. The EEOC filed this emergency motion on November 9, 1981, only 15 days after the court's October 27, 1981, opinion and order. Given the circumstances of this case, this short delay was not unreasonable and did not demonstrate a lack of diligence by the EEOC. Second, K-Mart argues that it was harmed by the delay in discovering the information at issue in this case. It would be incredible for us to conclude on this record, however, that this delay prejudiced K-Mart.

■ Finally, we reject the contention that mandamus is unavailable to review the discovery order at issue in this case. "Courts of Appeals, pursuant to their supervisory powers, may review in a mandamus proceeding questions of unusual importance necessary to the economical and efficient administration of justice." *In re April 1977 Grand Jury Subpoenas,* 573 F.2d 936, 940 (6th Cir.1978), *cert. denied, sub. nom. General Motors Corp. v. United States,* 440 U.S. 934, 99 S.Ct. 1277, 59 L.Ed.2d 492 (1979). Moreover, mandamus review is appropriate to review important issues of first impression. *Id.* at 941. In this case, the question of whether the district court had the authority to order the depositions involved here is an extremely important one that has not been addressed previously. Consequently, this issue is subject to review by mandamus, and we will treat this interlocutory appeal as a petition for a writ of mandamus under the All Writs Statute, 28 U.S.C. § 1651.

### II.

The EEOC argues that the district court exceeded its authority by ordering that Walsh and the other EEOC employees be produced for deposition. First, because Walsh's amended charge fulfilled the requirements of section 706(b) of Title VII, there was a competent basis for the EEOC's administrative subpoena and investigation. Second, the district court exceeded its authority and subverted the enforcement scheme of Title VII by allowing K-Mart to inquire into the facts underlying the charge.

■ Our review of the district court's order is constrained because this case is before us on a petition for a writ of mandamus. The writ has been used traditionally to confine an inferior court to a lawful exercise of its jurisdiction. *Schlagenhauf v. Holder,* 379 U.S. 104, 109–110, 85 S.Ct. 234, 238, 13 L.Ed.2d 152 (1964); *Will v. United States,* 389 U.S. 90, 95, 88 S.Ct. 269, 273, 19 L.Ed.2d 305 (1967); *Roche v. Evaporated Milk Assn.,* 319 U.S. 21, 26, 63 S.Ct. 938, 941, 87 L.Ed. 1185 (1943). The writ can be issued where there is usurpation of judicial power or a clear abuse of discretion. *Schlagenhauf v. Holder,* 379 U.S. at 110, 85 S.Ct. at 238. *Union Light, Heat & Power Co. v. U.S. District Court,* 588 F.2d 543, 544 (6th Cir.1978), *cert. dismissed sub. nom. Union Light, Heat & Power Co. v. Rubin,* 443 U.S. 913, 99 S.Ct. 3103, 61 L.Ed.2d 877 (1979). However, "the party seeking mandamus has 'the burden of showing that its right to issuance of the writ is "clear and undisputable.'" *Will v. United States,* 389 U.S. at 96, 88 S.Ct. at 274.

### A. The Validity of the Charges Under Section 706(b) of Title VII

■ A valid charge of discrimination is a jurisdictional prerequisite in subpoena enforcement proceedings. *Graniteville Co. v. EEOC,* 438 F.2d 32 (4th Cir.1971); *EEOC v. C.A. Norgren Co.,* 535 F.Supp. 491, 493 (D.Col.1982). The district court did not rule on the validity of the original charge or the amended charge. *See EEOC v. K-Mart Corp.,* 526 F.Supp. 121 (E.D.Mich.1981).

In its October 27, 1981 opinion and order, the district court noted that the EEOC's charges contained three deficiencies which justified the discovery order. First, relying upon the *Dean Witter* decision, the district court noted that the EEOC's "original

charge neglected to give the date or dates the alleged unlawful employment practices occurred." 526 F.Supp. at 125.

Second, the EEOC's amendment of the original charge raised questions "concerning the underlying validity of the date contained in the amended charge." *Id.* The court stated that there was uncontroverted evidence that in charges containing a "pattern or practice" allegation, the EEOC had a policy of inserting pro-forma July 2, 1965, the effective date of Title VII, as the beginning date of an alleged unlawful practice. Pro-forma insertions of the effective date of Title VII would violate section 706(b) of Title VII and 29 C.F.R. § 1601.12(a)(3), which both "require some basis in fact for the date alleged in the charge." *Id.* Thus, the district court concluded that a pro-forma insertion of Title VII's effective date did not satisfy the oath and affirmation requirement of section 706(b).

Third, the district court noted that K-Mart raised serious questions concerning the validity of Walsh's oath and affirmation in the amended charge. A policy of inserting pro-forma the effective date of Title VII indicated that Walsh may not have a basis in fact to confirm her belief that the discrimination occurred from the date alleged in the amended charge. Consequently, the EEOC did not have sufficient information to justify its subpoena enforcement action.

The EEOC argues that Walsh's amended charge, on its face, fulfills the requirements of section 706(b) of Title VII and of the EEOC's regulations. Thus, the EEOC had the authority and a statutory duty to investigate that charge of discrimination. Consequently, the first issue we must address is whether the amended charge, on its face, is valid under section 706(b) of Title VII and the EEOC's regulations.

Section 706(b) of Title VII, 42 U.S.C. § 2000e–5(b), *as amended,* sets forth the requirements for a valid charge of discrimination. EEOC Commissioners may file charges of discrimination. *Id.* The charge must be in writing, under oath or affirmation, and contain the information and be in the form required by the EEOC. *Id.* Moreover, the EEOC must serve a notice of charge upon an employer accused of an unlawful employment practice. *Id.* The notice of the charge should include the date, place and circumstances of the alleged unlawful employment practice. *Id.*

The EEOC's regulations complement the requirements of section 706(b). Charges shall be in writing, signed, and verified. 29 C.F.R. § 1601.11(a). The charge must include a "clear and concise statement of the facts, including pertinent dates, constituting the alleged unlawful employment practices." 29 C.F.R. § 1601.12(a)(3).

In *Dean Witter,* 643 F.2d at 1338, the Ninth Circuit held that a charge of discrimination which stated that the unlawful employment practices were "continuing" did not satisfy the date requirement of section 706(b). The court found that the charge did not disclose whether the practices had occurred. The court reasoned that the dates of the alleged unlawful employment practices bear directly on the relevancy of an EEOC enforcement subpoena. Moreover, disclosure of the dates of the alleged practices informs the charged party and the court asked to enforce the subpoena of the proper scope of the investigation. We agree that section 706(b) requires that the EEOC include in the charge the dates of the alleged unlawful employment practices.

Walsh's original charge was deficient under the rationale of *Dean Witter,* the plain language of section 706(b), and the EEOC's regulations. As the district court noted, the original charge neglected to give the date or dates the alleged practices occurred. Therefore, it was impossible to determine what would be the temporal scope of the EEOC's investigation.

Walsh amended the original charge, however, to state that "I have reason to believe that the named employers have engaged in the identified unlawful practices on a continuing basis from July 2, 1965 until the present." Charges of discrimination may be amended to cure technical defects or omissions, or to clarify and amplify allega-

tions made in the original charge. 29 C.F.R. § 1601.12(b).

In *Shell Oil Co. v. United States EEOC,* 676 F.2d 322 (8th Cir.1982), the then Chair of the EEOC filed a charge of discrimination that did not contain the beginning date or any references to the dates the alleged unlawful employment practices occurred. The Chair later amended the charge stating that she had reason to believe that the defendant had engaged in the unlawful practices "on a continuing basis at least from July 2, 1965, to present." [6] The Eighth Circuit held, *inter alia,* that the amended charge did not comply with the date requirement of section 706(b). The Court concluded that the charge did not adequately set out the date and the circumstances of the unlawful practices. The Court reasoned that the EEOC's use of July 2, 1965 as the beginning date of the defendant's Title VII requirement did not inform the defendant employer of the beginning dates of the unlawful practices. The Court stated:

> The purpose of disclosure of a beginning date is to protect the employer from an open-ended investigation by limiting discovery to matters relevant to the charge. *Id.* [643 F.2d] at 1338. Use of the effective date of Title VII does not give notice to the employer of the parameters of the investigation. We read section 706(b) to require "some basis in fact for the date alleged in the charge." *EEOC v. K-Mart Corp.,* 526 F.Supp. 121, 125 (E.D.Mich. 1981). We find no factual basis in the EEOC's allegation of July 2, 1965, as the

beginning date of the alleged Title VII violations.

*Shell Oil Co.,* 676 F.2d at 325–326.

We agree that the date requirement of section 706(b) is not satisfied merely by including the effective date of Title VII in the charge.[7] A charge alleging that the unlawful employment practices began on July 2, 1965 does not give the employer, the district court, or the EEOC's investigators any objective basis to determine the temporal scope of the investigation. The EEOC is entitled to have access only to evidence that is relevant and material to the charge of discrimination. *Dean Witter,* 643 F.2d at 1338; section 709 of Title VII, 42 U.S.C. § 2000e–8(a). The dates of the alleged unlawful practices are relevant to the EEOC's investigation. *Dean Witter,* 643 F.2d at 1338.

In this case, Walsh amended her original charge to state that she had reason to believe that K-Mart had engaged in the unlawful practices "on a continuing basis from July 2, 1965, until the present." The district court noted that the amended charge raised questions concerning the underlying validity of the date contained in the charge because there was uncontroverted evidence that the EEOC had a policy of inserting pro-forma the effective date of Title VII. In its reply brief, the EEOC argues that at least three charges in other enforcement actions were amended to include a date other than July 2, 1965. The existence of an EEOC policy of inserting pro-forma the effective date of Title VII is irrelevant, however, to our determination of whether the amended charge, on its face, is valid.

---

**6.** Like the original charge in this case, the original charge in *Shell Oil Co. v. United States EEOC,* 676 F.2d 322, 323 (8th Cir.1982), did not state the dates on which the alleged unlawful practices occurred.

**7.** We do not agree, however, with the Eighth Circuit's holding in *Shell Oil* that section 706(b) requires "some basis in fact." That holding is contrary to well-established law. In subpoena enforcement proceedings, the EEOC usually does not have to prove probable cause or reasonable cause to believe that a charge of discrimination is true. *See, e.g., EEOC v. Chrysler*

*Corp.,* 567 F.2d 754, 755 (8th Cir.1977); *EEOC v. South Carolina National Bank,* 562 F.2d 329 (4th Cir.1977); *EEOC v. University of New Mexico,* 504 F.2d 1296 (10th Cir.1974); *Graniteville v. EEOC,* 438 F.2d 32, 36 (4th Cir.1971). A charge of discrimination merely allows the EEOC to begin an investigation. The purpose of that investigation, however, is to determine whether probable cause or reasonable cause to bring a discrimination charge exists. *See, e.g., EEOC v. Bay Shipbuilding Corp.,* 668 F.2d 304, 312 (7th Cir.1981); *Chrysler Corp.,* 567 F.2d at 755; *Graniteville,* 438 F.2d at 36.

█ The EEOC's use of the effective date of Title VII did not fulfill the requirements of section 706(b) or of 29 C.F.R. § 1601.12(a)(3). Like the charge in issue in *Shell Oil*, Walsh's amended charge fails to provide the district court, K-Mart, or even the EEOC's investigators with some objective basis of determining when the alleged unlawful practices began. Consequently, the temporal scope of the investigation cannot be determined from the face of the charge.[8]

We realize that at the time a charge is filed, the EEOC may be uncertain as to the temporal scope of the allegedly unlawful practices. This uncertainty may be exacerbated when, as here, a pattern or practice charge is filed. Even in this situation, the EEOC should make a good faith estimate of the date the unlawful practices began. *Dean Witter*, 643 F.2d at 1338. The commissioner's good faith is presumed because of section 706(b)'s oath or affirmation requirement.[9]

█ We hold that the sufficiency of a charge under section 706(b) and 29 C.F.R. § 1601.12(a)(3) should be determined from the face of that charge. That neither the original charge nor the amended charge fulfilled the requirements of section 706(b) could and should have been determined from the face of these charges. Thus, the discovery ordered in this case was unwarranted. The issuance of an unwarranted order, however, does not amount to usurpation of judicial power or a clear abuse of discretion.[10]

**B. The Discovery Order**

The district court's order allowed K-Mart to take the depositions of Walsh and the designated EEOC employees, but limited the scope of these depositions.[11] The EEOC argues that the district court exceeded its authority in ordering the depositions concerning the factual basis underlying the EEOC's charges against K-Mart. The district court's order exceeds the narrow scope of authority a district court has in summary subpoena enforcement proceedings and is inconsistent with the enforcement scheme of Title VII.

K-Mart argues that the district court's refusal to grant a complete protective order is a proper exercise of discretion. The district court has the discretion to order discovery in a subpoena enforcement hearing, and allowing discovery concerning the date and legal standard used did not abuse that discretion. K-Mart questions the EEOC's good faith as to the date of the alleged unlawful practices because 1) K-Mart allegedly did not exist in July 1965; 2) the EEOC has publicly stated that suspicion of a current practice of discrimination provides an automatic basis for inferring that discrimination began on July 2, 1965; and 3) there is evidence that the EEOC may routinely select identical dates for pattern and practice charges under certain circumstances. Moreover, K-Mart argues that former Commissioner Walsh did not swear unequivocally to the truth of the charges to the best of her knowledge and information,

8. Although the amended charge alleged that the unlawful employment practices began on July 2, 1965, the EEOC modified its subpoena to request information only for the years January 1, 1977 through October 10, 1980. This modification demonstrates that the July 2, 1965 date did not give even the EEOC's investigators notice of the temporal scope of the investigation in this case.

9. We do not suggest, however, that this presumption of good faith is irrebuttable.

10. Our conclusion that the district court's order was unnecessary is based principally upon our agreement with *Shell Oil Co.*, 676 F.2d at 322. We realize, however, that the district court's opinion and order preceded the Eighth Circuit's

decision in *Shell Oil*. The district court carefully and cogently articulated three deficiencies with Walsh's charges, and concluded that the discovery order was warranted. Nevertheless, the district court could and should have determined whether the charge fulfilled the requirement of section 706(b) by examining the face of the charge.

11. As noted previously, the magistrate limited depositions to: 1) the date of the alleged unlawful acts; 2) the standard employed for making the decision to issue the charges; and 3) the general type or kind of information the EEOC possessed prior to issuing the charges.

nor has she stated that she had "reasonable cause" to believe the truthfulness of the charges. Thus, discovery is warranted to ascertain the precise standard Walsh used in issuing the charges against K-Mart.

The district court's order allowing discovery is not authorized by the language of Title VII or its legislative history. Section 709 of Title VII authorizes the EEOC to conduct investigations in connection with charges filed under section 706. 42 U.S.C. § 2000e–8(a). The evidence sought must be relevant to the charge under investigation. *Id.* The date, place, and circumstances of the alleged unlawful practices are relevant to the charge of discrimination. *Dean Witter,* 643 F.2d at 1338. Section 710 of Title VII provides that section 11 of the National Labor Relations Act, 29 U.S.C. § 161 applies to all investigations conducted by the EEOC. 42 U.S.C. § 2000e–9. Thus, the EEOC can issue subpoenas requiring witnesses' testimony or the production of documents. 29 U.S.C. § 161(1). If a person under investigation refuses to comply with an administrative subpoena, the EEOC may apply to a federal court for enforcement of the subpoena. 29 U.S.C. § 161(2).

Nothing in Title VII, however, authorizes a district court in a subpoena enforcement proceeding to allow discovery concerning the facts underlying a charge of discrimination. Sections 709 and 710 restrict the district court's inquiry in subpoena enforcement actions to whether the information sought is material and relevant. A deposition concerning the dates of the alleged unlawful practices would be relevant, but the adequacy of the date contained in the charge could and should be determined from the face of the charge. The other two areas into which the district court allowed discovery would not aid the inquiry permitted under sections 709 and 710. Moreover, whether Walsh's charges were valid should have been determined from the face of those charges. Similarly, the legislative history of Title VII and the 1972 amendments to Title VII do not support the district court's discovery order.[12]

The judicially created standards for the enforcement of administrative subpoenas also fail to provide support for the district court's order. In *United States v. Morton Salt Co.,* 338 U.S. 632, 652, 70 S.Ct. 357, 368, 94 L.Ed. 401 (1950), a case involving the

---

**12.** For example, the interpretive memorandum introduced into the Congressional Record by Senators Clark (D., Pa.) and Case (R., N.J.) discusses the enforcement procedure applicable under Title VII and the EEOC's investigatory duties and powers. *See Legislative History of Title VII and XI of the Civil Rights Act of 1964* at 3043–44, 3045 (1968) (hereinafter Legislative History). That discussion does not contain any authority, however, for an employer's discovery into the facts underlying a charge of discrimination. Moreover, there is no indication that the EEOC must prove the facts underlying the charge. Rather, the EEOC is only required to issue a specific charge in writing. *See Legislative History, supra* at 3045.

The debates concerning Title VII also do not indicate that Courts should allow discovery into the facts underlying a charge. For example, Congressman Goodell made the following observations on an amendment which required EEOC commissioners to have reasonable cause to believe that an employer had violated Title VII before the EEOC conducted an investigation. He stated:

Mr. GOODELL. Mr. Chairman, I think the chairman will agree with me that this is a section that is to protect us from errant and arrogant bureaucracy—from any administra-

tor running wild without any reasonable cause. It derives from the welfare and pension amendments which we placed in the law 2 years ago. We very carefully provided that there had to be reasonable cause to believe that there had been a violation before any administrator moved into a situation. It is a very important amendment and a very worthy one, I think.

Mr. CELLER. The gentleman is correct. Mr. Goodell did not suggest, however, that employers should be able to conduct discovery into the facts underlying a commissioner's charge of discrimination. Instead, he appeared to rely upon the "oath or affirmation" requirement as an effective check on a commissioner's power.

Indeed, discovery into the facts underlying a charge of discrimination would be inconsistent with another concern that surfaced during the debates. Some members of Congress were concerned about employers intimidating employees who might file charges of discrimination. *See, e.g., Legislative History, supra* at 3305 (remarks by Senator Case); *Id.* at 3306 (remarks by Senator Pastore). Discovery in this situation would be inconsistent with protecting employees from the threat of intimidation by employers.

investigatory powers of the Federal Trade Commission, the Supreme Court held that an agency's investigatory power extends to matters where the "inquiry is within the authority of the agency, the demand is not too indefinite and the information sought is reasonably relevant." In *United States v. Powell*, 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964), the Court held that the Internal Revenue Service did not need to meet any standard of probable cause to obtain enforcement of an administrative summons. Instead, the Commissioner "must show [1] that the investigation will be conducted pursuant to a legitimate purpose, [2] that the inquiry be relevant to that purpose, [3] that the information sought is not already within the Commissioner's possession, and [4] that the administrative steps required by the Code have been followed." *Id.* at 57–58, 85 S.Ct. at 254. The standards articulated in *United States v. Powell* have been followed in subpoena enforcement actions initiated by the EEOC, the Internal Revenue Service, and the Securities and Exchange Commission.

It is well settled that the investigatory powers of the EEOC should be interpreted broadly. *EEOC v. University of Pittsburgh*, 643 F.2d 983 (3d Cir.), *cert. denied*, 454 U.S. 880, 102 S.Ct. 362, 70 L.Ed.2d 190 (1981); *EEOC v. University of New Mexico*, 504 F.2d 1296 (10th Cir.1974); *Motorola, Inc. v. McLain*, 484 F.2d 1339 (7th Cir.1973), *cert. denied*, 416 U.S. 936, 94 S.Ct. 1935, 40 L.Ed.2d 287 (1974); *EEOC v. Cambridge Tile Manufacturing Co.*, 590 F.2d 205, 206 (6th Cir.1979). The EEOC has the initial responsibility to determine the coverage of Title VII. *EEOC v. Quick Shop Markets, Inc.*, 526 F.2d 802 (8th Cir.1975). Sections 709 and 710 of Title VII authorize the EEOC to issue subpoenas during its investigations, 42 U.S.C. §§ 2000e–8(a) and 2000e–9. The subpoenas must be issued in connection with an investigation of a charge and be relevant to that charge. 42 U.S.C. § 2000e–8(a); *University of Pittsburgh*, 643 F.2d at 986. Moreover, the subpoena cannot be so broadly stated as to constitute a "fishing expedition." *University of New Mexico*, 504 F.2d at 1301–1302.

In order to obtain enforcement of an administrative subpoena, the EEOC usually does not have to prove either probable cause, *University of New Mexico*, 504 F.2d at 1303, or reasonable cause to believe that the charge of discrimination is true. *Graniteville v. EEOC*, 438 F.2d at 36; *EEOC v. South Carolina National Bank*, 562 F.2d 329 (4th Cir.1977); *EEOC v. Chrysler Corp.*, 567 F.2d 754, 755 (8th Cir.1977). Indeed, the purpose of the investigation is to determine whether probable cause, *EEOC v. Bay Shipbuilding Corp.*, 668 F.2d 304, 312 (7th Cir. 1981), or reasonable cause to bring a discrimination charge exists. *Chrysler Corp.*, 567 F.2d at 755; *Graniteville*, 438 F.2d at 36. The EEOC, however, has the burden of establishing the four requirements articulated in *Powell*. *University of Pittsburgh*, 643 F.2d at 985. Moreover, as noted previously, a valid charge of discrimination is a jurisdictional prerequisite in subpoena enforcement proceedings. *Graniteville*, 438 F.2d 32.

The EEOC must establish probable cause to believe that the charge is true where the employer raises a substantial question that judicial enforcement of the subpoena would constitute an abuse of the court's process. *Bay Shipbuilding*, 668 F.2d at 313; *South Carolina National Bank*, 562 F.2d at 332. In *South Carolina National Bank*, the court ordered enforcement of the EEOC's subpoena because the employer failed to show that production would be burdensome or that the action had been brought in bad faith merely to harass the employer. *Id.* at 332. Similarly, in *Bay Shipbuilding*, 668 F.2d at 311, the Court ordered enforcement of the EEOC's subpoena without requiring an evidentiary hearing or oral argument. The Court reasoned the district court was empowered to act summarily because the employer failed to show that the investigation was undertaken for an ulterior purpose.

In *EEOC v. First Alabama Bank of Birmingham*, 440 F.Supp. 1381 (N.D.Ala.1977), *aff'd.*, 611 F.2d 132 (5th Cir.1980), however, the Court refused to enforce an administrative subpoena issued by the EEOC. The Court concluded that both the issuance of

the subpoena and the application for court enforcement were for an improper purpose: the personal vendetta of the EEOC investigator, thereby creating questions concerning the EEOC's good faith. Despite the existence of circumstances which brought the EEOC's good faith into question, the district judge in *First Alabama Bank* did not order discovery of the EEOC's commissioners or investigators.

K-Mart argues that the Internal Revenue Service ("IRS") and the Securities and Exchange Commission ("SEC") have been subjected to discovery orders in subpoena enforcement actions. In *United States v. Will,* 671 F.2d 963 (6th Cir.1982), however, this Court held that "there is no unqualified right to pre-trial discovery in a summons enforcement proceeding ... Rather, the use of discovery devices in summons enforcement proceedings should be limited to those cases where the taxpayer makes a preliminary and substantial demonstration of abuse." *Id.* at 968. Courts have also allowed discovery for the limited purpose of determining whether the IRS employed its summons power for an improper purpose. *United States v. Wright Motor Co., Inc.,* 536 F.2d 1090, 1094 (5th Cir.1976) (material sought by IRS to be used solely for a criminal prosecution or IRS is engaged in a course of personal harassment). Discovery in summons enforcement proceedings, however, is the exception rather than the rule. *United States v. Church of Scientology of California,* 520 F.2d 818 (9th Cir.1975).

Courts have also been reluctant to grant discovery in subpoena enforcement actions initiated by the SEC, even where the SEC engaged in fraud, deceit, or trickery. *See SEC v. ESM Government Securities, Inc.,* 645 F.2d 310 (5th Cir.1981). In *SEC v. Wheeling-Pittsburgh Steel Corp.,* 648 F.2d 118 (3d Cir.1981), however, the Court did allow the defendant to conduct discovery prior to attempting to prove that the SEC knew its process was being abused. There, a United States Senator had interfered with a SEC investigation for no legitimate legislative purpose.

In this case, the judicially created standards in subpoena enforcement actions do not support the district court's order. The district court noted that K-Mart had raised serious questions concerning the underlying validity of Walsh's oath and affirmation. Pro-forma insertions of the effective date of Title VII might indicate that Walsh did not have a basis in fact upon which to affirm her belief that unlawful employment practices have occurred from the date alleged in the amended charge. Moreover, K-Mart questions the EEOC's good faith in amending the charge because 1) K-Mart alleges that it was not in existence in July 1965; 2) the EEOC allegedly selects the date contained in a charge by using an unsubstantiated pro-forma inference; and 3) there is evidence that the EEOC may routinely select identical dates for pattern or practice charges in certain situations.

Neither the facts underlying the district court's concerns nor K-Mart's attack on the good faith of the EEOC constitute a substantial showing of abuse of process. *See United States v. Will,* 671 F.2d at 963. There are no allegations that Walsh or any other EEOC employees sought to harass K-Mart or that the investigation was for an ulterior or an improper purpose. Thus, the district court did not have the authority to order the depositions in this case.

The district court's order is also inconsistent with the enforcement scheme of Title VII. "The purpose of the charge under section 706 is only to initiate the EEOC investigation, not to state sufficient facts to make out a prima facie case." *Graniteville,* 438 F.2d at 38. In enacting section 706, Congress intended to control "mere fishing expeditions" by the EEOC. *See University of New Mexico,* 504 F.2d at 1301–1302. Congress did not intend, however, to allow extensive delay in the disposition of Title VII cases. *See Graniteville,* 438 F.2d at 36. Title VII was enacted to eliminate discrimination in employment on account of race, color, religion, sex, or national origin. The EEOC was given investigatory power to prevent and remedy discrimination in employment. *Food Town Stores, Inc. v. EEOC,* 25 Empl.Prac.Dec. (CCH) ¶ 31,489

(M.D.N.C.1980). Requiring the EEOC to justify each charge would divert the EEOC from its primary purpose of determining whether there has been a violation of Title VII. *Id.* at 18,960.

 Neither Title VII, its legislative history, or the relevant case law provide any authority for the district court's order allowing discovery. Accordingly, the petition for a writ of mandamus vacating that order is granted, and this case is remanded to the district court. On remand, the EEOC should be given an opportunity to further amend its charge to attempt to comply with section 706(b) and 29 C.F.R. § 1601.12(a)(3). If the EEOC cannot comply with section 706(b), then its subpoena enforcement action must be dismissed.